**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1022
_____

CURTIS A. DUKES,
                                        Appellant

v.

LANCER INSURANCE CO, Et Als

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:08-cv-04948)
District Judge:  Honorable Joseph A. Greenaway, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 29, 2010

Before: SMITH, FISHER and GARTH, Circuit Judges

(Opinion filed: August 2, 2010)

_____

OPINION
_____

PER CURIAM

Curtis Dukes, proceeding pro se, appeals from the District Court's order entered on

September 25, 2009, dismissing his complaint for lack of jurisdiction, and from its order

entered on December 5, 2009, denying his motion for relief pursuant to Fed. R. Civ. P.

60(a) and (b). For the reasons that follow, we will modify the September 25 order, affirm that order as modified, and affirm the December 5 order.

I.

Because the background of this case is familiar to the parties, we discuss it only briefly here. In 2005, Dukes owned Dukes Coach Lines, Inc., a bus company that held an insurance policy issued by Lancer Insurance Company ("Lancer"). In October 2005, Lancer informed Dukes that it was cancelling the policy, effective in thirty days. Dukes claims that the cancellation of the policy ultimately caused his company to go out of business.

In April 2006, Dukes, then represented by counsel, filed a lawsuit – on behalf of himself and Dukes Coach Lines – against Lancer in New Jersey Superior Court. The complaint alleged that Lancer's cancellation of the insurance policy was arbitrary and capricious, and amounted to misrepresentation and fraud. Lancer subsequently moved for summary judgment. In March 2007, the Superior Court granted the motion, holding that Lancer "was entitled to cancel the insurance policy" and "followed the statutory and regulatory provisions for [doing so]." (Appendix at 136-37.)

In July 2008, Dukes, acting on behalf of himself and Dukes Coach Lines, filed a pro se complaint against Lancer in the United States District Court for the District of New

2

Jersey.[1] The complaint alleged that Lancer discriminated against him and his company when it cancelled the insurance policy. In August 2008, the District Court dismissed the complaint without prejudice for lack of subject matter jurisdiction, noting that "the mere invocation of a constitutional right is not sufficient to provide a basis to invoke this Court's jurisdiction." (Id. at 231.)

About two months later, Dukes filed another pro se complaint against Lancer in the District Court, this time on behalf of himself alone. This new complaint raised a number of claims – both state and federal – all stemming from Lancer's cancellation of the insurance policy. The claims centered on his allegation that Lancer cancelled the policy because he is black. Lancer subsequently moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint was barred by, inter alia, res judicata and New Jersey's entire controversy doctrine.

On September 25, 2009, the District Court entered an order dismissing Dukes's complaint, but on grounds different from those raised by Lancer: the court concluded that the complaint was barred by the Rooker-Feldman doctrine. Dukes subsequently filed a motion seeking relief from this decision pursuant to Rule 60(a) and (b), which the court denied in an order entered on December 5, 2009. Dukes now seeks review of both the September 25 and December 5 orders.

---

[1]We note that a pro se litigant may not file a complaint on behalf of a corporation. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to dismiss Dukes's claims, see AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006), and review the court's denial of his motion filed pursuant to Rule 60(a) and (b) for abuse of discretion. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 129 (3d Cir. 2005) (standard of review for denial of Rule 60(a) motion); Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (standard of review for denial of Rule 60(b) motion). We may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

"The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This doctrine is narrow, see id., and a district court is not barred from exercising subject matter jurisdiction over an action "simply because a party attempts to litigate in federal court a matter previously litigated in state court." Id. at 293. Indeed, "[i]f a federal plaintiff presents some independent claim, albeit one that

4

denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. (internal quotation marks and citations omitted).

In this case, Dukes's complaint alleges injury stemming from Lancer's conduct, not from the New Jersey Superior Court's judgment. Accordingly, we cannot conclude that this case is barred by Rooker-Feldman. We do conclude, however, that for the reasons below, Dukes's complaint is barred under New Jersey law preclusion principles, specifically res judicata and the entire controversy doctrine.[2]

Under the doctrine of res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 589 A.2d 143, 147 (N.J. 1991). Accordingly, to the extent Dukes's complaint in the instant case sought to reassert any of the claims from his state court proceeding – claims that were adjudicated on the merits – those claims are barred here. As for his claims that were not raised in the state court proceeding, the issue is whether those claims are barred by New Jersey's entire controversy doctrine.

The entire controversy doctrine, codified in Rule 4:30A of the New Jersey Rules of Civil Procedure, "embodies the notion that the adjudication of a legal controversy should

---

[2]To the extent Dukes argues that Lancer waived these affirmative defenses by failing to timely raise them, this claim is belied by the record.

occur in one litigation in only one court." Rycoline Prods., Inc. v. C & W Unlimited, 109

F.3d 883, 885 (3d Cir. 1997) (internal quotation marks and citation omitted). "This

doctrine requires that a person assert in one action all related claims against a particular

adversary or be precluded from bringing a second action based on the omitted claims

against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (internal quotation

marks and citation omitted).

As the New Jersey Supreme Court has explained,

> [i]n determining whether successive claims constitute one
> controversy for purposes of the doctrine, the central
> consideration is whether the claims . . . arise from related
> facts or the same transaction or series of transactions. It is the
> core set of facts that provides the link between distinct claims
> against the same or different parties and triggers the
> requirement that they be determined in one proceeding.

DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995) (citations omitted). The doctrine does

not apply where the claims raised in the second litigation were "unknown, unarisen, or

unaccrued at the time of the original action." In re Mullarkey, 536 F.3d at 229 (citation

omitted). Moreover, for the doctrine to apply, "the first forum must have been able to

provide all parties with the same full and fair opportunity to litigate the issues and with

the same remedial opportunities as the second forum." Hernandez v. Region Nine Hous.

Corp., 684 A.2d 1385, 1393 (N.J. 1996) (quotation marks and citation omitted).

Given these principles, we conclude that the entire controversy doctrine applies

here. Both Dukes's instant case and his earlier, state court action were brought by Dukes

6

against Lancer and presented claims stemming from the same core set of facts: Lancer's cancellation of the insurance policy. Dukes has failed to establish that his newly raised claims were "unknown, unarisen, or unaccrued" at the time of his state court proceeding, or that the New Jersey Superior Court failed to afford him a full and fair opportunity to raise these claims in that forum.[3] Accordingly, he is precluded from raising these claims here.

Although we agree with the District Court that Dukes's instant claims are barred, we will modify the court's September 25, 2009 order in two respects before we affirm that judgment. First, because it appears that Lancer's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should have been characterized as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c),[4] the order should enter judgment in favor of

---

[3]Dukes argues that he did not have a "reasonable opportunity" to pursue his claims in state court because his counsel in that proceeding failed to cite any statutes in his complaint and did not attend the summary judgment hearing. The fact remains, however, that the state court afforded Dukes a full and fair opportunity to raise his claims, and he has not demonstrated that the alleged deficiencies in counsel's performance prevented him from arguing that Lancer's cancellation of the insurance policy was the product of racial discrimination.

[4]Pursuant to Fed. R. Civ. P. 12(b), a motion to dismiss under Rule 12(b)(6) must be filed *before* a responsive pleading. In this case, it appears that Lancer did not file its motion to dismiss before it filed its answer. Under these circumstances, the court could have treated Lancer's motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). See Fed. R. Civ. P. 12(h)(2); Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). That the court did not do so is harmless, and construing the motion as a motion for judgment on the pleadings instead of a motion to dismiss does not alter the standard by which we review the court's September 25, 2009 order. See Turbe, 938 F.2d at 428.

7

Lancer instead of dismissing Dukes's claims. Second, because neither res judicata nor the entire controversy doctrine serves as a *jurisdictional* bar to Dukes's claims, see Exxon Mobil Corp., 544 U.S. at 293 (noting that preclusion "is not a jurisdictional matter"), the order language's reference to the court's "lack of subject matter jurisdiction" should be stricken.

In light of the above, we will affirm the District Court's September 25, 2009 order as modified, and affirm the court's December 5, 2009 order denying Dukes's motion filed pursuant to Rule 60(a) and (b).[5] Dukes's requests to expand the record are denied.

---

[5]We have considered the various arguments raised in Dukes's briefing and conclude that they lack merit. Additionally, given our resolution of this case, we need not address whether Dukes himself is the proper plaintiff in this case.