**PATRICIA BENJAMIN, As Guardian of the Estate of R.W., a minor, Appellant/Plaintiff**

**v.**

**AIG INSURANCE COMPANY OF PUERTO RICO, ESSO VIRGIN ISLANDS, INC., As Successor to ESSO STANDARD OIL S.A. LIMITED, Appellees/Defendants**

S. Ct. Civ. No. 2010-0025

Supreme Court of the Virgin Islands

April 12, 2012

559

■■■■ ■■■■ ■■■■ ■■■■

■■■■■■■■■■■■■■■■

KENTH W. ROGERS, ESQ., Law Offices Kenth W. Rogers, P.C., St. Thomas, USVI, *Attorney for Appellant*.

CHARLES E. ENGEMAN, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and MOORE, *Designated Justice*.[1]

## OPINION OF THE COURT

### (April 12, 2012)

CABRET, *Associate Justice*. Fitzroy Williams was a full-time employee of the appellee, Esso Virgin Islands, Inc. ("Esso") in 1994, when he vanished along with the plane in which he was traveling. Williams had a life insurance policy through Esso naming R.W., his minor son, as the sole beneficiary. After years of Esso's refusal to pay on the life insurance policy following Williams's disappearance, Patricia Benjamin, as court appointed guardian for R.W., filed suit in the Superior Court seeking the life insurance proceeds and additional damages, claiming (1) breach of the insurance contract's covenant of good faith and fair dealing and (2) a conspiracy to defraud. The Superior Court dismissed Benjamin's suit for failure to state a claim after finding that the claims in the complaint were completely preempted by federal law, and Benjamin appealed. For the reasons which follow, we affirm the dismissal of Benjamin's complaint for failure to state a claim.

## I. FACTS AND PROCEDURAL HISTORY

In May 1988, Williams was hired by Esso as a full time employee.[2] Thereafter, Williams designated R.W., his minor son, as his sole

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. The Honorable Thomas K. Moore sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

[2] Because we are reviewing a dismissal for failure to state a claim, all of the facts for this appeal are drawn from the amended complaint and we must accept all well-pleaded facts appearing therein as true. *See Joseph v. Bureau of Corrections*, 54 V.I. 644, 650 (V.I. 2011). We note that Benjamin filed a second amended complaint with a motion to amend by permission in 2008, but the Superior Court denied the right to amend on March 16, 2010. Al-

beneficiary under the Group Life Benefits policy offered through Esso. Williams remained employed by Esso and paid premiums on the life insurance until he disappeared while piloting a plane on September 19, 1994. Shortly thereafter, Daniel Williams, Williams's father, contacted Esso on R.W.'s behalf to begin the claims process for the life insurance proceeds. Esso refused to provide Daniel Williams with the forms necessary to begin that process, despite being offered an affidavit from R.W.'s mother about the disappearance of Williams, several newspaper articles about the disappearance of Williams's flight, and proof that R.W. was receiving death benefits from Social Security as evidence of Williams's death.

Thereafter, R.W.'s mother sought twice more to obtain the claim forms from Esso, but her requests were twice more refused. Finally, in April 2002, Benjamin filed a petition with the Superior Court to be appointed as the legal guardian of R.W. Esso intervened in the proceeding and objected to the appointment of Benjamin. On August 19, 2002, the Superior Court, overruling Esso's objections, appointed Benjamin as R.W.'s guardian and ordered Esso to provide Benjamin with a copy of the Group Life Benefits policy. The following July, AIG Insurance Company of Puerto Rico ("AIG"), Esso's insurer, issued two checks totaling $73,839.90 to Benjamin payable to the Estate of R.W., a minor, and Benjamin signed a release of claims. Benjamin alleges that the checks were not negotiable and were not cashed. However, it appears from the record that checks for the same amount were later tendered to the Superior Court and paid to Benjamin on R.W.'s behalf.

Sometime between July 2003 and February 2004, Benjamin concluded that Esso owed more to R.W. under the life insurance policy. Therefore, on February 18, 2004, Benjamin filed her complaint in the Superior Court on behalf of R.W., alleging, without setting forth separate counts, that various violations of Virgin Islands law entitled R.W. to collect $100,000 under the policy, along with interest, punitive damages and attorney's

though Benjamin requests that this Court order the Superior Court to permit amendment, the March 16, 2010 order denying amendment is not included in the joint appendix and Benjamin makes no argument supporting her request in her appellate briefs. Thus, appellate review of that order has been waived. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009) (holding issues raised but not supported by argument are considered waived). Therefore, we restrict our factual recitation to those facts contained in the amended complaint filed April 29, 2004.

fees, from Esso and AIG. On April 29, 2004, Benjamin filed an amended complaint with two distinct counts, the first asserting that defendants had breached the insurance contract's obligations relating to the intended beneficiary, R.W., by violating the implied covenant of good faith and fair dealing, and the second asserting that the defendants engaged in a conspiracy to defraud R.W. of his right to the insurance proceeds by refusing to turn over the documents necessary to make a claim for benefits after Williams's disappearance. On May 14, 2004, Esso answered the complaint and then, on September 3, 2004, filed a motion to dismiss. After years of litigation discovery, on May 16, 2008, Esso filed a notice of removal and removed the case to the Virgin Islands District Court. However, on March 30, 2009, the District Court determined that the removal was untimely and remanded the case to the Superior Court, but noted in dicta that all of Benjamin's causes of action were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). On March 16, 2010, the Superior Court granted Esso's September 3, 2004 motion to dismiss and dismissed the complaint with prejudice based on the preemption sections of ERISA. On March 29, 2010, Benjamin filed a timely notice of appeal.

On appeal, Benjamin argues that the dismissal was incorrect because (1) the motion to dismiss was based on an affirmative defense and affirmative defenses cannot be a basis for granting a motion to dismiss pursuant to Rule 12; (2) preemption is not possible because Esso is not an entity governed by ERISA; (3) ERISA does not preempt the kinds of claims pled in the complaint, an action for fraud and a breach of contract; and (4) the life insurance policy does not fall within ERISA's provisions. Finally, Benjamin also requests that this Court disqualify the trial judge who issued the ruling which is on appeal from considering the case if remanded and reassign the case to another Superior Court judge.

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). The dismissal of a complaint for

failure to state a claim is a final order. *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009).

At oral arguments in this case, Esso's attorney challenged this Court's jurisdiction over this case based on R.W.'s age. Specifically, he stated that, as of the date of oral arguments, R.W. was no longer a minor and thus Benjamin could no longer continue the case in R.W.'s name. On April 6, 2011, we provided the parties with an opportunity to present additional briefing on this issue.[1] *See Benjamin v. Esso V.I., Inc.*, S. Ct. Civ. No. 2010-0025, slip op. at 1-2 (V.I. Apr. 6, 2011). In its additional brief, Esso claims that, due to R.W.'s age, Benjamin now lacks standing to prosecute R.W.'s claims and the case should be dismissed due to lack of subject matter jurisdiction.

R.W. was born in February 1991. As Esso correctly points out, the age of majority in the Virgin Islands is eighteen. 16 V.I.C. § 261. *See also* 15 V.I.C. § 824 (repealed effective Oct. 1, 2011)[3] (noting that guardianships terminate once the minor attains age eighteen or once the guardian has "been discharged according to law"); 15 V.I.C. § 5-210(a) (effective Oct. 1, 2011)[4] ("A guardianship of a minor terminates upon the minor's death, adoption, emancipation or attainment of majority or as ordered by the court."). Therefore, Esso posits, since R.W. is more than eighteen years old and has reached the age of majority, he may no longer be under guardianship unless declared incompetent for some other reason. Benjamin claims, however, that the order appointing her as R.W.'s guardian specifically stated that it would terminate only when R.W. attained the age of twenty-one. *See In re R.W.*, Super. Ct. Fam. No. G19/2002, slip op. at 2 (V.I. Super. Ct. Dec. 10, 2002) ("[I]t is further ORDERED that . . . when the minor arrives at the age of twenty-one (21) years or when for any reason this Guardianship is terminated, the Guardian shall file a final account . . . ."). *See also* SUPER. CT. R. 209 ("When a minor, under guardianship, arrives at the age of 21 years, or when for any reason a guardianship or trust terminates, the guardian or trustee shall file a final account . . . .").

▮▮ In spite of all that, however, we need not address the apparent conflict between the Virgin Islands Code, the Superior Court's order, and

---

[3] *See* Act No. 7150, § 2, as amended by Act No. 7267, § 12.
[4] *See* Act No. 7150, § 2, as amended by Act No. 7267, § 12.

the Superior Court's rule. Esso's argument is based on the flawed premise that Benjamin's guardian status affects the standing requirement in the lawsuit, which in turn affects our jurisdiction. The doctrine of standing, in the federal courts, has two sources, a "prudential" or claims processing aspect reflecting the need of all courts to control the presentation of claims in the litigation to assure full and fair exploration of the issues raised, and a constitutional component based on the Article III case and controversy requirement, which restricts the scope of federal court jurisdiction. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004). Early in this Court's jurisprudence, we described some of the case and controversy doctrines, including standing, as jurisdictional. *See Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 125 (V.I. 2009) (" '[S]tanding represents a jurisdictional requirement which remains open to review at all stages of the litigation.' " (quoting *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994))). However, in our more recent consideration of the case and controversy doctrines, we have recognized those doctrines as judicially-imposed restraints on our authority because Virgin Islands courts are not Article III courts and thus not subject to the same constitutional constraints on jurisdiction. *See Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010) ("Although some aspects of Article III's requirement that a court only rule on actual cases and controversies have been incorporated into Virgin Islands jurisprudence, this Court is not an Article III court. Therefore, this Court's general practice of not considering a moot appeal on the merits is not jurisdictional, but an exercise of judicial restraint that, as with other judicially-created doctrines, is subject to waiver.") (internal marks, citations, and formatting omitted). Because we are not an Article III court and 4 V.I.C. § 32, which sets out this Court's jurisdiction over appeals from the Superior Court, does not include a case or controversy requirement, we now overrule any language in our older opinions indicating that standing is jurisdictional.[5] Instead, standing, like

---

[5] We note, however, that the result in *Arlington Funding Services*, which set out the standing-as-jurisdictional language, would have been the same in any event. In that case, the issue was timely raised by the appellee on appeal, and we found that there were exceptional circumstances which warranted review of the standing issue on appeal even though it had not been raised at the trial court. 51 V.I. at 125 ("Geigel argues that neither Arlington nor Arcidi have

mootness, functions in the courts of the Virgin Islands as a claims processing rule that is subject to waiver should the party asserting the issue fail to raise it in a timely manner. *See Vazquez*, 54 V.I. at 489-90. *Accord Farrell v. People*, 54 V.I. 600, 607-08 (V.I. 2011) (explaining that appellate jurisdiction of this Court under 4 V.I.C. § 32(a) is not restricted "only to appeals taken by aggrieved parties," and that such a requirement is "essentially a claims processing rule that is 'not jurisdictional [and] is subject to waiver'"). In this case, R.W. became eighteen in February 2009, while this case was being actively litigated before the Superior Court. Despite that fact, Esso waited until the case was on appeal nearly two years later to raise the standing issue. In light of unexplained delay in raising the potential standing issue, Esso waived any argument based on Benjamin's standing. *See In re Guardianship of Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) ("[A] litigant may waive its right to have a court apply a judicially created standing doctrine by not timely asserting that right.").

## B. Standard of Review

■ In dismissing Benjamin's complaint, the Superior Court mistakenly applied Federal Rule of Civil Procedure 12(b)(6). Under the plain language of Rule 12(b)(6), the motion must be made before the first responsive pleading. *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 190 (V.I. 2009). Here, however, Esso filed its motion after filing its answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) or 12(h)(2). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *see also Dukes v. Lancer Ins. Co.*, 390 Fed. Appx. 159, 163 n.4 (3d Cir. 2010) (unpublished) (holding failure to consider a post-answer 12(b)(6) motion a 12(c) motion was harmless error). We will, therefore, treat the Superior Court's dismissal as a grant of a motion for judgment on the pleadings.

We review the trial court's grant of a motion for judgment on the pleadings under a de novo standard, and apply the same test a trial court

---

standing to sue him for these causes of action"); *id.* at 125 n.4 ("[T]he standing argument was never addressed by the trial court because Appellants never disclosed that Arlington had assigned its interest to [a third party] until its motion for reconsideration, filed after the trial court had granted summary judgment to Geigel on other grounds . . . . [W]e find that exceptional circumstances exist to justify consideration of the standing issue for the first time on appeal.").

should use. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). A motion for judgment on the pleadings should not be granted " 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.' " *Mele v. Fed'l Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)). "As with a Rule 12(b)(6) motion, this Court 'view[s] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.' " *Id.* (quoting *Leamer*, 288 F.3d at 535). Like the trial court, we are foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings. *Elvig*, 375 F.3d at 955, n.1.

## III. DISCUSSION

### A. Benjamin's first three arguments have been waived by failure to raise them below.

 Benjamin begins her Appellant's brief with three arguments: (1) that the Superior Court's order granting the motion to dismiss based on the affirmative defense of preemption was improper, because affirmative defenses cannot be the basis of a grant of a motion for judgment on the pleadings; (2) that Esso is not the kind of entity that can raise an ERISA defense; and (3) that the claims in the complaint are not the kind of claims preempted by ERISA. However, Benjamin never raised these arguments to the Superior Court in her opposition to the motion to dismiss, or in any subsequent filings, and, in fact, raises them for the first time on appeal. Generally, we consider all arguments made for the first time on appeal in civil cases as waived unless the party offering the argument presents exceptional circumstances. V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented."); *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 335-36 (V.I. 2007) ("Appellate courts generally refuse to consider issues that are raised for the first time on appeal . . . . Furthermore, on appeal to this Court, the scope of our review is restricted to those questions that were properly preserved for review in the trial court and further raised on

appeal according to the rules of this Court.") (citations omitted). *See also Simpson v. Golden*, S. Ct. Civ. No. 2010-0011, 2012 V.I. Supreme LEXIS 10, at \*14 (V.I. Feb. 9, 2012) ("The rules that require a litigant to brief and support his arguments, both here and before the Superior Court, are not mere formalistic requirements. They exist to give the Superior Court the opportunity to consider, review, and address an argument before it is presented to this Court. That requirement permits the Superior Court to develop the record so that, in the event of an appeal, this Court can then make informed rulings. That requirement also limits the number of issues appealed by providing the Superior Court the opportunity to address and correct any purported mistakes by bringing them to its attention first."). Benjamin has not presented us with any exceptional circumstances to warrant deviation from this general rule for any of her first three arguments. Therefore, we consider these arguments waived and do not reach their merits.

### B. Benjamin's argument that the Group Life Insurance Policy does not fall within ERISA has been waived by failure to adequately raise it before this Court.

█ As her fourth argument, Benjamin argues that the Superior Court impermissibly determined that the life insurance documents attached to the complaint made up an ERISA plan. Specifically, Benjamin argues that the Superior Court, to determine if the life insurance document attached to the complaint fit within a regulatory exemption to ERISA, would have had to consider documents outside of the complaint and its exhibits. *See Elvig*, 375 F.3d at 955 n.1 (noting that a court should not consider documents outside of the pleadings to determine a motion for judgment on the pleadings). We note that, unlike all three of the previous arguments, Benjamin made a similar argument to the Superior Court. In her opposition to the motion to dismiss, Benjamin argued that the Group Life Insurance Policy was not an ERISA policy because the safe harbor regulations exempted it from ERISA. However, while the error may have been correctly preserved for consideration before this Court, Benjamin failed to bring up this argument in her original appellate brief, and instead waited until the reply brief to raise this issue. When an argument is raised for the first time on appeal in a reply brief, that argument is deemed waived because the appellee will not get an opportunity to respond to the argument. *See Pell v. E.I. DuPont de Nemours & Co.*, 539 F.3d 292, 309

n.8 (3d Cir. 2008); *Gov't of the V.I. v. AT&T of the V.I., Inc.*, 51 V.I. 731, 741 (D.V.I. App. Div. 2009). Therefore, we deem this argument waived as well.

Additionally, we note that Benjamin appears to have not only waived this ground by failing to raise it in her original brief, but also to have conceded the point by her description of the plan in her original brief. In the original brief, Benjamin describes the plan attached to the complaint as one of a group of "ERISA governed plans." (Appellant Br. 3.) Additionally, throughout the brief, Benjamin identifies the plan as being governed by ERISA. (*See* Appellant Br. 7 ("Since the common law employer Esso . . . is not the designated plan administrator[] *in any of the ERISA plan documents* . . . .") (emphasis added); *id.* at 14; *id* at 18.) Therefore, in light of both Benjamin's waiver and concession, we decline to reach the merits of this argument and affirm the trial court.

### C. Benjamin's request that this Court reassign the case on remand lacks merit.[6]

In her final argument, Benjamin requests that, should this Court remand her case to the Superior Court, we reassign the case to another Superior Court judge. Benjamin bases her request for disqualification on the trial judge's alleged "pervasive bias" and "deep-seated favoritism or antagonism." In so doing, Benjamin fails to cite to any action, to anything said, written, or done, by the trial judge which would form the factual basis for the alleged "pervasive bias" or "deep-seated favoritism or antagonism." Moreover, Benjamin did not raise the request for recusal to the Superior Court at any time. Lastly, Benjamin cites as her only authority for her argument *Liteky v. United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), which is a United States Supreme Court case interpreting the federal recusal statute, 28 U.S.C. § 455. Benjamin neither cites to, nor argues about the Virgin Islands recusal statute codified at 4 V.I.C. § 284, which is completely dissimilar to the federal provision. Benjamin continued to fail to address any

---

[6] Because we affirm the judgment of the Superior Court, we do not need to address this argument. However, we note that these filings are made in a public record in a forum which does not permit the Superior Court judge to answer. Therefore, because we find the argument to call into question the character of a sitting judge of the Superior Court without any basis whatsoever, we address the issue in full.

argument to section 284 in her reply brief notwithstanding Esso's mention and review of the applicable law in the Appellee's brief.

■ Recusal is controlled in the Virgin Islands by section 284, which states, in pertinent part, that "[n]o judge or justice shall sit or act as such in any action or proceeding . . . (4) [w]hen it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him." Section 286 of title 4 controls the procedure by which a complaining party may bring a motion for recusal and requires (1) that the motion be in writing and (2) that the motion be made first before the judge that the party seeks to disqualify. 4 V.I.C. § 286; *see also Gov't of the V.I. v. Gereau*, 502 F.2d 914, 931-32, 11 V.I. 265 (3d Cir. 1974) ("Section 286 states that challenges to the competency of a judge are permissible only when his disqualification is clear, and provides that the objecting party in such case may file his written objection with the judge, who is allowed to pass on his own competency, subject only to review on appeal after final judgment."). Indeed, before a judge is required to recuse him or herself based on bias, the facts alleged by the party arguing for disqualification must "reflect a clear probability that the judge is biased against that party." *Gereau*, 502 F.2d at 932.

■ Turning to the facts before us, Benjamin never made any motion seeking disqualification or recusal to the trial judge, in violation of section 286, and thus this argument, just like every other argument presented by Benjamin, is waived before us. Even if it were not waived, Benjamin has provided us with *no facts* that would permit us to draw any inference that the trial judge was biased or prejudiced in any way, instead relying on broad assertions that the judge's "actions or inaction" somehow "shows that [the trial judge] formed an opinion about the case prior to examining the evidence." (Appellant Br. 24-25.) We hold that these broad and completely unexplained assertions fall well below the "clear probability" standard. *See Gereau*, 502 F.2d at 932. Therefore, we reject Benjamin's baseless argument, and remind Benjamin's attorney that a process for moving to recuse a sitting Superior Court judge exists in the law at section 286 and that leveling potentially damaging accusations at a sitting Superior Court judge without citation to a single fact in the record as support is unacceptable.

## IV. CONCLUSION

Because Benjamin has waived each of her first four arguments, either by failing to raise them below or by failing to raise them on appeal until

her reply brief, we affirm the Superior Court's dismissal of her complaint. Furthermore, because Benjamin's contentions that the trial judge had a "pervasive bias" or "deep-seated favoritism or antagonism" warranting reassignment of this case in the event of remand have no basis in law or fact, we reject them.