**JUAN CASTILLO et al., Plaintiffs**
**v.**
**ST. CROIX BASIC SERVICES, INC. et al., Defendants**

Case No. SX-09-CV-299
Superior Court of the Virgin Islands
Division of St. Croix
January 10, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(January 10, 2016)

**THIS MATTER** comes before the Court on Defendant St. Croix Basic Services, Inc.'s (hereinafter, "St. Croix Basic") Motion for Judgment on the Pleadings, filed on July 30, 2009. Plaintiffs filed an Opposition on September 2, 2009. Defendant St. Croix Basic and Defendant Basic Industries, Inc. (hereinafter, "Basic") filed a joint Reply on February 25, 2010.[1] On September 2, 2015, in response the Court's August 18, 2015 Order *sua sponte* granting the parties leave to file a supplemental brief, in

---

[1] In the Reply, Defendant St. Croix Basic and Defendant Basic agreed with Defendant Hovensa, LLC and Defendant Amerada Hess Corporation's arguments with regard to tolling issues in their motion to dismiss and the related reply, and incorporated those arguments by reference.

light of *Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014) and *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), Plaintiffs filed a supplemental brief. Defendant St. Croix Basic did not file a supplemental brief.

## BACKGROUND

Defendant St. Croix Basic, a Virgin Islands corporation, is a subsidiary of Defendant Basic, a Louisiana corporation. (Compl. ¶¶ 89, 90.) Defendant Hovensa, LLC (hereinafter, "Hovensa") is a Virgin Islands joint venture made up of Defendant Amerada Hess Corporation (hereinafter, "Amerada Hess", together with Defendant Hovensa, the "Hess Defendants") and Patroleos de Venezuela, S.A. (Compl. ¶ 192.) The Hess Defendants and Defendant St. Croix Basic and Defendant Basic entered into labor broker contracts over the years, including cost plus contracts which require that the Hess Defendants approve and pay all labor costs. (Compl. ¶ 98.)

Defendant Basic first came into Defendant Hovensa's refinery in St. Croix, U.S.V.I., in about 1989 and was in charge of hiring scaffold workers and related crafts for Defendant Hess. (Compl. ¶ 102.) Defendant St. Croix Basic was a laborer contractor at Defendant Hovensa's refinery. (Motion, p.1.) All eighty-seven (87) Plaintiffs are allegedly former employees of Defendant St. Croix Basic at relevant times. (Compl. ¶¶ 12-88.) On February 1, 2003,[2] Defendant St. Croix Basic lost its contract with Defendant Hovensa's refinery and as a result, ceased its business there and fired all the local employees, including all eighty-seven (87) Plaintiffs. (Compl. ¶ 103.)

On June 18, 2009, Plaintiffs filed a complaint against Defendants in the Superior Court of the Virgin Islands, alleging wrongful discharge, breach of the duty of good faith and fair dealing, breach of the Plant Closing Act of the Virgin Islands, fraud (against Hess Defendants only), illegal retaliation and obstruction of justice, intentional or negligent infliction of emotional distress, and punitive damages.[3] (Compl.) In

---

[2] In its Motion, Defendant St. Croix Basic stated that it lost its contract with Defendant Hovensa's refinery on January 31, 2003. (Motion, p.1.)

[3] Plaintiffs pled seven counts in the Complaint but Plaintiffs did not plead any cause of action by name. The Court has taken a liberal view of Plaintiffs' Complaint to infer all plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e).

response, Defendant St. Croix Basic filed a timely Answer with affirmative defenses, including but not limited to the statute of limitations defense.[4] Defendant St. Croix Basic subsequently filed this instant Motion for Judgment on the Pleadings arguing that Plaintiffs' claims are time-barred.

## STANDARD OF REVIEW

■ There is no material difference in the applicable legal standards for the motion for judgment on the pleadings and the motion to dismiss for failure to state a claim. In *Rennie v. Hess Oil V.I.Corp.*, 62 V.I. 529, 535 (V.I. 2014), the Supreme Court of the Virgin Islands affirmed that "a post-answer motion to dismiss for failure to state a claim may be considered as a motion for judgment on the pleadings, which would be subject to the same legal standard." *See also Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 565 (V.I. 2012); *Mayhem Enters., LLC v. Powell*, 2015 V.I. LEXIS 132, at *6 (Super. Ct. 2015) ("Although it is important to be precise, this distinction [between FED. R. CIV. P. 12(b)(6) and Rule 12(c)] is ultimately of little consequence in this case since there is no material difference in the applicable legal standards.") (*internal quotation omitted*).

■ The court should not grant a motion for judgment on the pleadings "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to a judgment in its favor as a matter of law." *Benjamin*, 56 V.I. at 566 (*internal quotation omitted*). "As with a Rule 12(b)(6) motion, this Court views the facts alleged in the pleadings

---

The Court construed Plaintiffs' Complaint to allege the following causes of action for the seven counts: Count I – wrongful discharge; Count II – breach of the duty of good faith and fair dealing; Count III – breach of the Plant Closing Act of the Virgin Islands; Count VI – intentional or negligent infliction of emotional distress; and Count VII – punitive damages. The complaint was filed before *Banks v. International Rental & Leasing Corp.*, 55 V.I 967 (V.I. 2011). For the purpose of his opinion, the Court will assume that these are all still viable causes of action in the U.S. Virgin Island post-*Banks*.

[4] "It is well established that the statute of limitations is an affirmative defense that must he specifically pleaded at the first opportunity." *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 529 (V.I. 2014). V.I. SUPER. CT. R. 32(b) provides. "Answers shall comply with Rules 8 and 9 of the Federal Rules of Civil Procedure." FED. R. CIV. P. 8(c)(1) provides, "In responding to a pleading a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations . . ." Here, Defendant St. Croix Basic timely asserted a statute of limitations defense in its Answer and thereby did not waive this defense.

and the inferences to be drawn from those facts in the light most favorable to the non-moving party." *Id.* (*internal quotation omitted*). Additionally, the court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether i t was proper to grant a motion for judgment on the pleadings." *Id. See also United Corp. v. Hamed*, 2013 V.I. LEXIS 50, at *5 (Super. Ct. 2013) (the court considered the indictments in determining the motion for judgment on the pleadings, noting that they were explicitly referred to on the face of the complaint and these indictments are indisputable public records).

■ If the court considers matters outside the pleadings, then a motion for judgment on the pleadings must be treated as one for summary judgment and the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *See* FED. R. CIV. P. 12(d).[5]

## DISCUSSION

In its Motion, Defendant St. Croix Basic argued that the statute of limitations has expired for Plaintiffs on " 'every conceivable claim" because according to the Complaint, Plaintiffs lost their jobs with Defendant St. Croix in January 31, 2003 and did not file this instant lawsuit until June 18, 2009.[6] (Motion, p.1.) However, Defendant St. Croix Basic never identified the applicable statute of limitations for each cause of action; instead, Defendant St. Croix Basic cited to Title 5 V.I.C. Section 31 generally.

In their Opposition, Plaintiffs argued that the statute of limitations should be equitably tolled during the period of class certification because Plaintiffs "filed timely claims in the District Court [of the Virgin Islands] for class certification."(Opp'n, p.3.) Plaintiffs attached ten (10) exhibits to their Opposition, including: a federal complaint, various federal orders and opinions, and various motions filed in the District Court of the Virgin

---

[5] Federal Rule of Civil Procedure 12(d) provides,

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

[6] Defendant St. Croix Basic mistakenly noted that the Complaint was filed in this matter on July 8, 2009.

Islands (hereinafter, "District Court").[7] Plaintiffs relied on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) and its progeny in support of their argument for equitably tolling. (Opp'n.) Plaintiffs, like Defendant St. Croix Basic, also never identified the applicable statute of limitations for each cause of action.

In its Joint Reply with Defendant Basic, Defendant St. Croix Basic argued that equitable tolling cannot be unlimited, namely, "the Plaintiffs in this case were not entitled to rely on the [District Court] plaintiffs to protect their rights after the [District Court] plaintiffs failed to move for class certification." (Reply, p.4.) Defendant St. Croix Basic relied on *Bridges v. Department of Maryland State Police*, 441 F.3d 197 (C.A.4 (Md.), 2006), in support of their argument.

In their Supplemental Brief,[8] Plaintiffs argued that tolling the statute of limitations where a class action is pending is the soundest rule for the Virgin Islands. (Supplemental Brief, p.3.)

---

[7] The ten (10) exhibits attached to Plaintiffs' Opposition:

Exhibit 1 – A copy of the complaint, dated March 27, 2003, filed in the District Court, in case no. 2003-CV-55.

Exhibit 2 – A copy of a District Court Order, dated July 21, 2005, in case no. 2003-CV-55.

Exhibit 3 – A copy of a District Court Order, dated December 19, 2005, in case no. 2003-CV-55.

Exhibit 4 – A copy of the plaintiffs motion to amend complaint, dated December 29, 2005, filed in the District Court, in case no. 2003-CV-55.

Exhibit 5 – A copy of the plaintiffs' motion to add additional plaintiffs to first amended complaint, dated February 1, 2006, filed in the District Court, in case no. 2003-CV-55.

Exhibit 6 – A copy of a District Court Order, dated July 14, 2006, in case no. 2003-CV-55.

Exhibit 7 – A copy of a District Court Memorandum Opinion, dated March 4, 2008, in case no. 2003-CV-55.

Exhibit 8 – A copy of the plaintiffs' motion to certify interlocutory appeal of order denying plaintiffs' motion to amend complaint, or, in the alternative, plaintiffs' motion for class certification, dated April 8, 2008, filed in the District Court, in case no. 2003-CV-55.

Exhibit 9 – A copy of a District Court Memorandum Opinion, dated October 31, 2008, in case no. 2003-CV-55.

Exhibit 10 – A copy of the complaint, dated June 18, 2009, filed in this Superior Court of the Virgin Islands, in case no. SX-09-CV-299.

[8] Plaintiffs' Supplemental Brief was filed in response to the Court's August 18, 2015 Order *sua sponte* granting the parties leave to file a supplemental brief if they want to, in light of *Connor*, 60 V.I. 597 and *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967.

31

## A. Defendant St. Croix Basic's Motion for Judgment on the Pleadings Must be Treated as One for Summary Judgment.

Although this action was initially filed in the Superior Court of the Virgin Islands in 2009, litigation over the claims at issue actually began six (6) years earlier in the District Court. Plaintiffs made no mention of the District Court lawsuit in the Complaint filed in this matter. The Complaint states on its face, *inter alia*, that Defendant St. Croix Basic lost its contract with the Hess Defendants on February 1, 2003, and fired all its local employees, including all eighty-seven (87) Plaintiffs. (Compl. ¶ 103.) Plaintiffs, in opposing Defendant St. Croix Basic's Motion for Judgment on the Pleadings, mentioned the District Court lawsuit for the first time, to make the argument that the statute of limitation should be tolled for Plaintiffs as a result of the lawsuit filed in the District Court. In support of their contention that the District Court lawsuit tolled their statute of limitation, Plaintiffs attached various filings from the District Court lawsuit as exhibits to their Opposition.

██ The exhibits attached to Plaintiffs' Opposition are considered "matters outside the pleadings" because the District Court lawsuit was never referred to in the pleadings and these exhibits were not attached to the pleadings. When presented with a motion for judgment on the pleadings, it is at the Court's discretion to consider matters outside the pleadings. FED. R. CIV. P. 12(d). Here, the Court will exercise its discretion and consider the filings in the District Court lawsuit to determine whether equitable tolling is applicable here, and thus, the Court must treat Defendant St. Croix Basic's Motion for Judgment on the Pleadings as a motion for summary judgment. *Id.* This means that all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

█ Although Defendant St. Croix Basic already had the opportunity to respond to Plaintiffs' Opposition, and both Plaintiffs and Defendant St. Croix Basic were given the opportunity to supplement their filings in light of *Connor* and *Banks*, the parties were not aware at that time that the Court will convert Defendant St. Croix Basic's Motion for Judgment on the Pleadings to a motion for summary judgment. Out of abundance of caution that the parties are given a reasonable opportunity to present all the material pertinent to the motion for summary judgment, the Court will grant parties leave to file a supplemental brief to address the issue of equitable tolling.

## CONCLUSION

In light of the Court converting Defendant St. Croix Basic's Motion for Judgment on the Pleadings to a motion for summary judgment, the Court will grant the Plaintiffs and Defendant St. Croix leave to file a supplemental brief to address the issue of equitable tolling. An Order consistent with this Memorandum Opinion will follow.