

**FILED**

March 16, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**✱✱✱✱✱✱✱✱✱✱✱✱✱**

| | | |
|---|---|---|
| **WYSTAN D. BENJAMIN,** | ) | **CASE NO. ST-19-CV-323** |
| | ) | |
| **Plaintiff,** | ) | **ACTION FOR BREACH OF** |
| **v.** | ) | **CONTRACT and BREACH OF** |
| | ) | **DUTY OF GOOD FAITH AND** |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | ) | **FAIR DEALING** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

Cite as: 2020 VI Super 42U

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1    Pending before the Court are:

1.  Government of the Virgin Islands['] Motion to Dismiss, filed on July 26, 2019;

2.  Plaintiff's Opposition to Government of the Virgin Islands['] Motion to Dismiss, filed on August 16, 2019; and

3.  Government of the Virgin Islands['] Reply to Plaintiff's Opposition to the Motion to Dismiss, filed on August 26, 2019.

**I.    FACTUAL ALLEGATIONS OF THE COMPLAINT ASSUMED AS TRUE FOR THE PURPOSES OF THE INSTANT MOTION TO DISMISS.**

¶2    In addressing "a motion to dismiss based on failure to state a claim upon which relief can be granted, a court must view all factual allegations in the complaint as true and must construe the complaint liberally."[1] Therefore, based upon Plaintiff Wystan Benjamin's Complaint and the Contract for Professional Services, which is referenced in the Complaint and attached as Exhibit A to Government of the Virgin Islands['] Reply to Plaintiff's Opposition to the Motion to Dismiss, the Court identifies the following factual allegations and assumes their veracity for the purpose of determining whether they plausibly give rise to an entitlement of relief:

1.    Commencing December 1, 2015, the Government of the Virgin Islands, Department of Property and Procurement, on behalf of the Department of Public Works and Benjamin entered into a Contract for Professional Services (the "Contract").[2]

---

[1] *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, Super. Ct. Civ. No. ST-17-CV-77, 2017 WL 2709831, at *1 (V.I. Super. Ct. June 21, 2017) (internal citations omitted).
[2] Compl. ¶ 5.

2. Gustav James held the position of Commissioner of the Department of Public Works at the time the Contract was executed.[3]

3. Under the Contract, Benjamin was required to provide "Program Management Assistance in the administration of The Federal-aid Highway Program" and his duties and responsibilities were listed in detail in Addendum 1 attached to the Contract.[4]

4. The Contract contained the following provisions relevant to the pending Motion to Dismiss:

> 17. TERMINATION
>
> Either party will have the right to terminate this Contract with or without cause on <u>thirty days</u> written notice to the other party specifying the date of termination.
>
> 18. PARTIAL TERMINATION
>
> The performance of work under this Contract may be terminated by the Government in part, whenever the Government shall deem such termination advisable. This partial termination shall be effected by delivering to the Contractor a Notice of Partial Termination specifying the extent to which the term and/or duties under this Contract are terminated and the date upon which such termination becomes effective. The Contractor shall be entitled to receive payment for services provided to the date of termination, including payment for the period of the thirty (30) day notice.

5. The Contract was for a two-year period and Addendum 2 to the Contract set forth the terms of Benjamin's compensation: $156,603.20 for year one; $156,603.20 for year two; and $10,000.00 for travel expenses.[5]

6. On or about October 12, 2015, Defendant entered into a contract with Tip Top Construction, Inc. ("Tip Top") for the Main Street Enhancement Project.[6] Following execution of his Contract for Professional Services, Benjamin began managing the Main Street Enhancement

---

[3] *Id.* at ¶ 9 and Govt's Reply to Pl.'s Opp. to Mot. to Dismiss Ex. A.

[4] Ex. A, Addendum 1.

[5] Ex. A, Addendum 2.

[6] Compl. ¶ 12.

Project in downtown Charlotte Amalie, St. Thomas.[7] This project was funded and administered by the Federal Highway Administration ("FHWA").[8]

7. In December 2015, Benjamin learned of conduct by Tip Top that was contrary to representations Tip Top made during contracting for the Main Street Enhancement Project.[9]

8. Benjamin reported Tip Top's conduct to the Government and to FHWA.[10] The FHWA advised Benjamin that Tip Top should cease its work in order to assess whether Tip Top's conduct was a breach of contract for the Main Street Enhancement Project and subject to termination.[11]

9. On or about February 2, 2016, Benjamin, consistent with FHWA's instructions, notified Tip Top that the Government was suspending work.[12]

10. Tip Top did not comply with Benjamin's notice and continued working.[13]

11. On or about February 5, 2016, Benjamin provided Commissioner Gustav James with a proposed letter addressed to Tip Top formalizing the suspension of work.[14] Benjamin also provided FHWA with the proposed letter.[15]

12. Commissioner James did not consider Benjamin's proposal, nor did he issue a letter of any type to Tip Top regarding suspension of its work.[16]

13. On February 8, 10 and 11, 2016, Benjamin participated in meetings with personnel of various Government departments to discuss Tip Top's conduct and to issue Tip Top a letter advising of its breach of contract.[17]

14. On February 29, 2016, Benjamin wrote to Tip Top describing instances of its breach of the contract and procurement process for the Main Street Enhancement Project and notified Tip Top

---

[7] *Id.* ¶ 14.
[8] Ex. A, Addendum I.
[9] *Id.* ¶ 15.
[10] *Id.* ¶ 16.
[11] *Id.* ¶ 16.
[12] *Id.* ¶ 17.
[13] *Id.* ¶ 18.
[14] *Id.* ¶ 19.
[15] *Id.* ¶ 19.
[16] *Id.* ¶ 20.
[17] *Id.* ¶ 21.

that these instances served as sufficient grounds for termination of the Contract.[18] Benjamin gave Tip Top 10 days from its receipt of the letter to produce certain enumerated information and documents.[19]

15. Tip Top responded, but its response was inadequate.[20]

16. On March 23, 2016, Benjamin wrote to Tip Top again asking what it had done to correct the enumerated breaches.[21]

17. Tip Top responded, and once again, its response was inadequate.[22]

18. On April 6, 2016, Benjamin discussed with the FHWA the issue of terminating Tip Top's contract.[23]

19. On April 18, 2016, at the Government's request, Benjamin prepared a written summary of options available to the Government to terminate Tip Top's contract, together with all potential and claims.[24]

20. On May 5, 2016, Benjamin, the Government and FHWA conferred and finalized the steps required to terminate Tip Top's contract.[25] Commissioner James maintained the position that he had the final authority on terminating Tip Top, and he wanted Tip Top to continue the work.[26] The FHWA required Commissioner James' concurrence with the decision to terminate.[27] To comply with the FHWA's requirement, Benjamin prepared a termination letter for Commissioner James' signature.[28]

---

[18] *Id.* ¶ 22.
[19] *Id.* ¶ 22.
[20] *Id.* ¶ 23.
[21] *Id.* ¶ 24.
[22] *Id.* ¶ 25.
[23] *Id.* ¶ 26.
[24] *Id.* ¶ 27.
[25] *Id.* ¶ 28.
[26] *Id.*
[27] *Id.*
[28] *Id.*

21. Following the May 5, 2016 teleconference, the Government[29] provided Benjamin with a proposed letter terminating the contract with Tip Top. Benjamin provided Commissioner James with a separate letter that he had prepared and requested James' signature.

22. On May 18, 2016, Commissioner James informed Benjamin that he would not sign the letter to terminate Tip Top's contract.

23. Benjamin provided the FHWA with both the Government's May 17, 2016 letter and the unsigned letter that Benjamin had prepared for Commissioner James's signature.

24. Benjamin's Complaint describes in detail how he and Commissioner James disagreed on whether Tip Top should be able to continue with the Main Street Enhancement Project. The FHWA agreed with Benjamin and took the position that there were sufficient grounds for termination.[30]

25. On June 21, 2016, Commissioner James called Benjamin into his office and told Benjamin that they could no longer work together.[31]

26. On June 21, 2016, Commissioner James issued a letter to Benjamin exercising the Contract's Partial Termination clause.[32] The June 21, 2016 letter states in its entirety:

> Dear Mr. Benjamin,
>
> You are hereby notified that the Department of Public Works has decided to exercise the Partial Termination clause (clause 18) of the referenced contract. Effective immediately and until further notice, please cease all work activity for the Department of Public Works.
>
> We will be reviewing our needs and will contact you regarding final resolution of our agreement.

27. On June 23, 2016, Benjamin wrote to Commissioner James denying his compliance with paragraph 18 of the Services Contract titled "Partial Termination".[33]

---

[29] The Complaint appears to make a distinction between the Government of the Virgin Islands and the then Commissioner of Public Works, Gustav James. However, for the purposes of this analysis, any distinction, if one was intended, does not affect the Court's decision herein.

[30] Compl. ¶¶ 34, 36 and 37.

[31] *Id.* ¶ 38.

[32] *Id.* ¶ 39 and Ex. B to Gov't of VI' Reply to Pl.'s Opp. to the Mot. to Dismiss.

[33] *Id.* ¶ 41.

28. On October 13, 2016, Benjamin received by certified mail a letter from the Government, through the Department of Property and Procurement, stating: "Please be advised that effective November 2, 2016 the Government of the Virgin Islands will terminate the above referenced contract pursuant to the Termination Clause."

29. On June 10, 2019, Benjamin filed his Complaint initiating the instant lawsuit alleging two counts of breach of contract and one count of breach of duty of good faith and fair dealing.

## II. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

¶3      Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[34] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom, must be viewed in the light most favorable to the plaintiff."[35] Since Virgin Islands Rule 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for his claim so as to put a defendant on fair notice of the claims brought against him.[36] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[37] Essentially, Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[38] and "[p]leadings...must be fatally defective before they may be rejected as insufficient." [39]

¶4      In *Mills-Williams v. Mapp*, the Supreme Court of the Virgin Islands stated:

> the adoption of Rule 8 of the Virgin Islands Rules of Civil Procedure supersedes our prior precedents which imposed the *Twombly* plausibility standard by virtue of the now-amended Superior Court Rule 7, and restores the notice pleading regime that had previously been in effect.[6] *See* **586 *Estate of Knoster v. Ford Motor Co.*, 200 Fed. Appx. 106, 111 n.3 (3d Cir. 2006) (holding that the

---

[34] V.I.R. Civ. P. 8(a)(2).

[35] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (Super. Ct. 2015) (citing *Benjamin v. AIG Ins Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[36] *See Bank of Nova Scotia v. Flavins*, Super. Ct. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

[37] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[38] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) ... was adopted to focus litigation on the merits of a claim.").

[39] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App. 2016).

adoption of a new court rule "plainly supersedes" any cases to the contrary that applied the former rule).[40]

¶5      In other words, the *Twombly* plausibility standard was abolished with the adoption of V.I. R. Civ. P. 8.[41]

¶6      In its Motion, the Government asserts that, pursuant to V.I. R. Civ. P. 12(b)(6), Benjamin's Complaint must be dismissed for failure to state a claim upon which relief can be granted. Specifically, the Government argues that either party had the right, under section 17, to terminate the contract with or without cause on thirty days written notice to the other party specifying the date of termination. In addition, section 18 allowed the Government to terminate the performance of work "whenever the Government shall deem such termination advisable." Section 18 also required the Government to specify "the extent to which the term and/or duties under this Contract are terminated and the date upon which such termination becomes effective."

## A.      Count One: Breach of Contract.

¶7      To successfully present his claim for a breach of contract in the Virgin Islands, Benjamin must adequately plead the following four elements: (1) the existence of a contract; (2) a contractually created duty; (3) a breach of that duty; and (4) damages suffered due to that breach.[42] In other words, Benjamin need only present a basic legal and factual basis for this claim to survive a Rule 12(b)(6) motion.

¶8      In Count One, Benjamin has sufficiently pled all four elements to establish a claim for breach of contract. In his Complaint, Benjamin alleges that he and the Government entered into a Contract for Professional Services with a commencement date of December 1, 2015. The Contract and its terms are described in great detail in the Complaint. The Government also attached a copy of the Contract to its Reply brief. The Contract identifies in great detail the duties of each party. In Count One, Benjamin alleges that: (a) the Government breached its duty by failing to specify the extent to which the term and/or Plaintiff's duties were terminated and the date upon which the termination took place; (b) that only the Commissioner of Property and Procurement could terminate the Contract; (c) that the Government "breached the Contract when it allowed Commission James' illegal action to stand; and (d) that the Government further breached the Contract by not timely paying Benjamin for the services he had already provided up to June 21, 2016. The Complaint also clearly alleges that Benjamin suffered damages in the form of withheld payment for services rendered up to the legally valid termination date.

---

[40] *Mills-Williams v. Mapp*, 67 V.I. 574, 585-586 (V.I. 2017).

[41] *Id.* at 586.

[42] *Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 14 (Super. Ct. 2015).

¶9    Benjamin having provided enough legal and factual information to put the Government on reasonable notice of the cause of action for breach of contract in Count One, it survives the Motion to Dismiss under Rule 12(b)(6).

### B.    Count Two: Breach of Contract.

¶10    In Count Two, Benjamin also sufficiently pled all four elements required to establish a claim for breach of contract. In addition to already establishing the existent of a Contract and the parties' respective duties under the Contract, Benjamin's Complaint further alleges, as confirmed by the Government's own exhibits, that: (1) the Government terminated the Contract effective November 2, 2016; (2) from June 21, 2016 until November 2, 2016, the Government denied Benjamin compensation under the Contract; (3) because Commissioner James lacked the capacity to terminate the Contract, it remained in effect and (4) the Government breached the contract by not allowing Benjamin to perform his duties and responsibilities between June 21, 2016 and November 2, 2016. The fourth element of damages has also been properly met by virtue of the compensation that Benjamin alleges he was not paid.

¶11    Therefore, Benjamin having provided enough legal and factual information to put the Government on reasonable notice of the cause of action for breach of contract in Count Two, it survives the Motion to Dismiss under Rule 12(b)(6).

### C. Count Three: Breach of Duty of Good Faith and Fair Dealing.

¶12    In *Chapman v. Cornwall*, the Virgin Islands Supreme Court held that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement".[43] "The duty of good faith limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations. A successful claim ... requires proof of acts amounting to fraud or deceit on the part of the employer."[44] "Fraud means an intention to deceive," while deceit involves "[t]he act of intentionally giving a false impression."[45] Other than alleging that the Government knew that Commissioner James lacked capacity to issue a notice of partial termination, the Complaint fails to allege any action amounting to fraud or deceit on the part of the Government. In fact, the notice of termination was later issued by the Department of Property and Procurement. An error on the part of the Government does not constitute fraud or deceit. Therefore, accepting the factual allegations of the Complaint as true, Benjamin has failed to plead sufficient facts to create a right to relief for breach of the duty of good faith and fair dealing. The Motion to Dismiss for failure to state a cause of action will be granted as to Count Three.

---

[43] *Id.* at 441 (internal citations omitted).

[44] *Id.* at 441 (internal citations omitted).

[45] *Edwards v. Marriott Hotel Mgmt. Co. (V.I), Inc.*, Super. Ct. Civ. No. 2015 WL 476216 * 4 (V.I. Super. Ct. 2015) (internal citations omitted).

## III.    CONCLUSION.

¶13    Under V.I. R. Civ. P. 8, Benjamin is not required to plead and prove his case in his Complaint. Therefore, with respect to Counts One and Two, the Motion to Dismiss will be denied. With respect to Count Three, the Motion to Dismiss will be granted, as the Complaint failed to allege facts showing an intention to deceive on the part of the Government.

Accordingly, it is hereby

**ORDERED** that Government of the Virgin Islands['] Motion to Dismiss is **GRANTED with respect to Count Three and DENIED with respect to Counts One and Two**; and it is further

**ORDERED** that, **on or before March 30, 2020**, the Government of the Virgin Islands shall file a responsive pleading to Counts One and Two of the Complaint; and it is further

**ORDERED** that copies of this Memorandum Opinion and Order shall be directed to Attorney Sharmane Davis-Brathwaite and Assistant Attorney General Sheena Conway.

DATED: 3|16|2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

TAMARA CHARLES
Clerk of the Court

BY: _____
Lori Boynes-Tyson
Court Clerk Supervisor: 3 /16 2020