**Regina BYRD, Appellant,**

v.

**Janet RENO, In her capacity as United States Attorney General, Appellee.**

**No. 99–5070.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 12, 1999.

Decided June 22, 1999.

Regina Byrd, appearing pro se, argued the cause and filed the motions for stay.

David T. Smorodin, Assistant United States Attorney, argued the cause for the appellee. Wilma A. Lewis, United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on the motion to dismiss and responses.

Before: GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Regina Byrd, an attorney at the Department of Justice's Office of Immigration Litigation, appeals the district court's order holding her in civil contempt for failing to turn over audiotapes of her conversations with supervisors and a co-worker. The contempt order arises out of Byrd's ongoing employment discrimination suit against the Attorney General in which Byrd alleges she was discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

I.

Since 1994 Byrd has been employed as an attorney at the Department of Justice's Office of Immigration Litigation. On October 15, 1996 Byrd filed a complaint in district court alleging that officials at the Office of Immigration Litigation discriminated against her on the basis of her race. In the course of the litigation Byrd claimed that during her employment she had secretly tape-recorded telephone conversations with supervisors and a co-worker. During discovery proceedings the government sought access to the tapes but Byrd refused to produce them, invoking attorney work-product privilege. On March 18, 1998 the magistrate judge granted the government's motion to compel production of the tapes. On June 4, 1998 the district court affirmed the magistrate judge's order, determining that the tapes were not protected as attorney work-product because Byrd's unethical conduct in secretly taping the conversations vitiated the privilege. The district court ordered Byrd to produce the tapes by June 10, 1998. This court dismissed Byrd's interlocutory appeal of the June 4 order for lack of jurisdiction. See Byrd v. Reno, No. 98–5230, 1998 WL 545432 (July 17, 1998).

On March 9, 1999 after Byrd repeatedly failed to comply with orders to turn over the tapes despite warnings that she would be held in contempt if she failed to do so, the district court ordered her to produce the tapes by March 10. The court again warned that noncompliance would result in a finding of contempt and the imposition of daily fines. Byrd did not produce the tapes and the district court issued an order on March 15, 1999 holding her in contempt

and assessing a daily fine of $100 until the tapes are turned over. Byrd appealed and filed an emergency motion for a stay pending appeal. The government moves to dismiss on the ground that this court lacks jurisdiction over the district court's order.

## II.

Our jurisdiction over this appeal depends upon the continuing validity of the rule that a civil contempt order against a party in a pending proceeding is not appealable as a final order under 28 U.S.C. § 1291. We recently observed that our case law has generated an apparent conflict on this issue but concluded "there is substantial doubt whether, if squarely presented with the issue, we would deem such a civil contempt order appealable." *See In re Sealed Case,* 151 F.3d 1059, 1064–65 (D.C.Cir.1998) (per curiam) (*Sealed Case*). We are now presented with the issue and, as suggested in *Sealed Case,* hold that such an order is not appealable by a party.

We observed in *Sealed Case* that "a civil contempt order issued against a party is typically deemed interlocutory and thus not appealable under 28 U.S.C. § 1291." 151 F.3d at 1064. The rule is well-entrenched in Supreme Court case law and the law of this circuit. *See Fox v. Capital Co.,* 299 U.S. 105, 107, 57 S.Ct. 57, 81 L.Ed. 67 (1936); *Doyle v. London Guarantee & Accident Co.,* 204 U.S. 599, 27 S.Ct. 313, 51 L.Ed. 641 (1907); *International Ass'n of Machinists & Aerospace Workers v. Eastern Airlines, Inc.,* 849 F.2d 1481, 1484 (D.C.Cir.1988); *Duell v. Duell,* 178 F.2d 683, 687 (D.C.Cir.1949) (describing rule as "thoroughly settled"). At least one circuit has held that the rule encompasses contempt orders enforcing discovery orders. *See In re Joint Eastern & Southern Districts Asbestos Litig.,* 22 F.3d 755, 764–65 (7th Cir.1994).

As noted in *Sealed Case,* dicta in some of our recent cases have cast doubt on the continuing validity of the *Doyle* and *Fox* rule in this circuit. For example, we have stated that a party seeking interlocutory

review of a discovery order must disobey the order and be cited for contempt and that "[h]e may then appeal the contempt order, which is considered final, and argue that the discovery order was flawed." *In re Sealed Case,* 141 F.3d 337, 339 (D.C.Cir. 1998) (*Sealed Case I*). Similar language appears in *In re Minister Papandreou,* 139 F.3d 247, 250 (D.C.Cir.1998), and *In re Kessler,* 100 F.3d 1015, 1016 (D.C.Cir. 1997).

We explained the apparent conflict, however, in *Sealed Case.* The dicta in *Papandreou, Kessler* and *Sealed Case I* relied upon a footnote in *Church of Scientology v. United States,* 506 U.S. 9, 18 n. 11, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), which states: "A party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt order." As we noted in *Sealed Case,* however, it is implausible that the Supreme Court intended to overrule, in a dictum (appearing in a footnote), its *Fox* and *Doyle* decisions. *See Sealed Case,* 151 F.3d at 1064. Moreover, the Supreme Court's footnote relied upon an earlier case, *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), in which the court did not need to distinguish between civil and criminal contempt because that case involved the recipient of a grand jury subpoena and it was well-settled that a non-party to a proceeding can obtain immediate review of a civil contempt order. *See Lamb v. Cramer,* 285 U.S. 217, 221, 52 S.Ct. 315, 76 L.Ed. 715 (1932); *see also In re Sealed Case,* 827 F.2d 776, 777 (D.C.Cir.1987) (person held in civil contempt for violating grand jury subpoena can obtain immediate review per *Ryan*); *In re Ryan,* 538 F.2d 435, 437 (D.C.Cir.1976) (non-party compelled to give testimony not entitled to immediate review unless first disobeys and is held in contempt); *cf. Kemp v. Gay,* 947 F.2d 1493, 1495–97 (D.C.Cir.1991) (involving subpoena directed to non-party); *Office of Thrift Supervision, United States Dep't of Trea-*

*sury v. Dobbs,* 931 F.2d 956, 957 (D.C.Cir. 1991). In addition, several circuits have applied the *Doyle* and *Fox* rule even after *Church of Scientology. See, e.g., Cleveland Hair Clinic, Inc. v. Puig,* 106 F.3d 165, 167 (7th Cir.1997); *Bingman v. Ward,* 100 F.3d 653, 655 (9th Cir.1996), *cert. denied,* 520 U.S. 1188, 117 S.Ct. 1473, 137 L.Ed.2d 686 (1997); *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.,* 84 F.3d 367, 370 (10th Cir.1996); *Hahnemann Univ. Hosp. v. Edgar,* 74 F.3d 456, 461 (3d Cir.1996); *Pro-Choice Network of Western New York v. Walker,* 994 F.2d 989, 993–94 (2d Cir.1993).

Byrd, however, argues that *Doyle* and *Fox* were long-ago overruled by *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), in which the Court held that an order denying a motion to quash a grand jury subpoena is not a final order. *See id.* at 324–30, 60 S.Ct. 540. As it did in *Ryan,* the Court refused to allow an immediate appeal until the witness disobeyed the grand jury subpoena and was held in contempt, although it did not distinguish between civil and criminal contempt. Byrd argues that this rule, making all contempt orders immediately reviewable, traces back to *Bessette v. W.B. Conkey Co.,* 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997 (1904), and that it, and not the rule set out in *Doyle* and *Fox,* applies to a contempt order entered against a party in an ongoing proceeding. We think it clear that *Bessette* established no such rule; indeed, *Doyle* expressly relies upon *Bessette* to establish the rule that precludes a party from obtaining immediate review of a civil contempt order. *See* 204 U.S. at 603, 27 S.Ct. 313. Her argument that *Cobbledick* established the rule, however, is not so easily rejected.

Not since 1939 has the Court cited either *Doyle* or *Fox* in a majority opinion for the proposition that a party cannot appeal a civil contempt order until entry of final judgment. *See McCrone v. United States,* 307 U.S. 61, 62, 59 S.Ct. 685, 83 L.Ed. 1108 (1939). The year after deciding *Cobbled-*

*ick,* the Court, without commenting upon its jurisdiction, permitted an interlocutory appeal of a civil contempt order entered against a party for violation of a discovery order. *See Sibbach v. Wilson & Co.,* 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). And as Byrd points out, nearly 20 years after *McCrone,* the Court explicitly stated, albeit in a dictum, that the Government "might of course have tested the[ ] validity [of discovery orders] in other ways, for example, by the route of civil contempt." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 680, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Moreover, Byrd notes that the Supreme Court has applied *Cobbledick* and *Ryan* to appeals of contempt orders issued for disobeying discovery orders, even though both cases involved grand jury subpoenas. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *Pennsylvania v. Ritchie,* 480 U.S. 39, 50 n. 8, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). These cases, again in dicta, do not distinguish between civil and criminal contempt in discussing whether a party who disobeys a discovery order and is held in contempt may obtain immediate review. Most recently, and not in a dictum, the Court grounded the right of a non-party to appeal an adjudication of contempt for violating a discovery order not in *Lamb v. Cramer,* which is part of the *Doyle-Fox* line of cases, but in *Cobbledick* and *Ryan. See United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988).

Finally, Byrd argues that our lack of precision regarding the immediate appealability of a civil contempt order predates both *Church of Scientology* and *International Association of Machinists.* In *National Right to Work Legal Defense v. Richey,* 510 F.2d 1239 (D.C.Cir.1975), we refused to grant mandamus to review a discovery order because the "holding in *Ryan* indicates ... [that] the order may be challenged through disobedience." *Id.*

**302**

at 1245. Admittedly, in *Richey* we also noted that in *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), a case upon which the petitioners in *Richey* attempted to rely, the NAACP "was repeatedly willing to subject itself to the risk of either criminal conviction or criminal contempt in order to challenge various orders compelling it to disclose its membership lists." 510 F.2d at 1246. Yet we did not specify whether we were merely distinguishing *Button* or stating the requirements of the *Doyle-Fox* rule.

Against this backdrop it is not implausible to argue not only that *Cobbledick* overruled *Doyle* and *Fox* but also that *Richey*, not *International Association of Machinists*, is the law in this circuit. Of course, no other circuit has reached the former conclusion. *See In re Licht & Semonoff*, 796 F.2d 564, 568 (1st Cir.1986); *United States v. Johnson*, 801 F.2d 597, 599 (2d Cir.1986); *Thermice Corp. v. Vistron Corp.*, 832 F.2d 248, 251 (3d Cir.1987); *Brummer v. Board of Adjustment of Asheville*, 911 F.2d 720 (4th Cir.1990) (table); *In re Grand Jury Subpoena*, 926 F.2d 1423, 1429 (5th Cir.1991); *Uniroyal Goodrich Tire Co. v. Hudson*, 97 F.3d 1452 (6th Cir.1996) (table); *Powers v. Chicago Transit Auth.*, 846 F.2d 1139 (7th Cir.1988); *Omaha Indem. Co. v. Wining*, 949 F.2d 235, 238 (8th Cir.1991); *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir.1996); *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 369 (10th Cir.1996); *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1515 (11th Cir.1990). And at least one circuit *has* explicitly described *Cobbledick* and *Ryan* as applying only to a civil contempt order entered against a nonparty. *See United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 367 n. 2 (9th Cir.1982).

In the end, Byrd's argument must be rejected. The Supreme Court has never expressly overruled *Doyle* or *Fox* by hold-

ing that a party may obtain interlocutory review of a civil contempt order. Until it does so, *Doyle* and *Fox* remain good law that this court must apply.

█ For these reasons, we hold that the traditional rule still applies: a civil contempt order against a party in a pending proceeding is not appealable as a final order under 28 U.S.C. § 1291. This appeal fits squarely within that rule. Byrd is a party in an ongoing proceeding. Moreover, the district court's order involves civil rather than criminal contempt because it is designed to compel compliance with a court order rather than to punish for an earlier offense. *See International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (per diem fine imposed for each day contemnor fails to comply with affirmative court order is civil in nature). Accordingly, the district court's contempt order is not appealable as a final order.*

In Byrd's previous appeal of the June 4, 1998 order directing her to turn over the tapes, we held that her challenge to the discovery order does not fall within the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because the order "will be reviewable upon entry of a final judgment." *Byrd v. Reno*, No. 98–5230, 1998 WL 545432, at *1 (July 17, 1998). In this appeal, she does not argue that the civil contempt order alters our analysis under *Cohen*.

█ Finally, even if the appeal were construed as a petition for a writ of mandamus, we would deny it. The remedy of mandamus is reserved for extraordinary circumstances in which the petitioner demonstrates that his right to issuance of the writ is clear and indisputable and that no other adequate means to obtain relief exist. *See Sealed Case*, 151 F.3d at 1063.

---

* Because our holding may be inconsistent with circuit dicta, this opinion has been circulated to and approved by the entire court and thus constitutes the law of the circuit. *See Irons v. Diamond*, 670 F.2d 265, 268 n. 11 (D.C.Cir. 1981).

As previously noted, both the discovery and the contempt orders will be reviewable after entry of final judgment. *See id.* at 1063 n. 4 (criteria for collateral order doctrine similar to criteria for writ of mandamus). Moreover, Byrd has not met her burden of demonstrating that her right to mandamus is clear and indisputable because it is far from clear that the district court erred. *See Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir.1989) (attorney's clandestine recording of conversations vitiates the work-product privilege).

We conclude that this court lacks jurisdiction over the district court's contempt order and accordingly grant the government's motion to dismiss the appeal. Byrd's motion to stay the order is therefore moot. To the extent the appeal may be construed as a mandamus petition, the petition is denied.

*So ordered.*