# IN RE: KERRY E. DRUE, Appellant

S. Ct. Civil No. 2012-0051

Supreme Court of the Virgin Islands

October 5, 2012

GEORGE H. HODGE, JR., ESQ., Law Offices of George Hodge, Jr., St. Thomas, USVI, *Attorney for Appellant.*

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee, People of the Virgin Islands.*

CABRET, *Associate Justice*; WILLOCKS, *Designated Justice*; and MOORE, *Designated Justice.*[1]

## OPINION OF THE COURT

(October 5, 2012)

CABRET, *Associate Justice.* Kerry Drue, Esq., refused to comply with an order to proceed to trial as counsel for Janice Rey, even though the Superior Court had denied her motions to withdraw as counsel. The court held her in contempt and fined her $100 for every day she refused to go to trial. Appealing the contempt sanction, Attorney Drue argues that a conflict of interest ethically requires her to withdraw her representation, that the Superior Court failed to conduct an inquiry into the conflict as required by the Sixth Amendment, and that the Superior Court erred in denying her motions and holding her in contempt. For the reasons that follow, we vacate the Superior Court's denial of the motions to withdraw and reverse the contempt sanctions.

---

[1] Chief Justice Rhys S. Hodge and Associate Justice Ive Arlington Swan are recused from this matter. The Honorable Harold W.L. Willocks and the Honorable Thomas K. Moore have been designated in their place pursuant to title 4, section 24(a) of the Virgin Islands Code.

## I. FACTS AND PROCEDURAL BACKGROUND

On March 12, 2010, the People of the Virgin Islands charged Rey with twenty-four counts of fraud, obtaining money by false pretense, violations of investment advisor and broker-dealer registration requirements, and writing bad checks. Attorney Drue entered an appearance for Rey on April 13, 2011, after Rey's previous attorney withdrew as counsel. Attorney Drue also represents the defendant in *Palisoc v. Poblete*, an unrelated civil action for malicious prosecution. On May 17, 2012, Attorney Drue concluded that she would have to call Denise George-Counts, Esq., — the prosecutor assigned to the criminal case against Rey — as a defense witness in the civil case. Attorney Drue informed both clients of the potential conflict, but only her civil client waived it. On May 18, 2012 — one month before the date the Superior Court had set for jury selection — Attorney Drue filed a "Notice to the Court of Actual or Potential Conflict of Interest and Motion to Withdraw," arguing that her need to call Attorney George-Counts as a witness in the civil case, when combined with Attorney George-Counts's status as the prosecutor against Rey, created a conflict of interest that required her to withdraw as counsel both to satisfy her ethical duties, and to safeguard Rey's Sixth Amendment right to unconflicted counsel.

The Superior Court denied Attorney Drue's motion on May 29, 2012,[2] finding that there was "neither a potential nor an actual conflict . . . since [Attorney Drue] and the prosecutor will not enter into an attorney-client relationship." (J.A. 7.) Attorney Drue then filed a "Renewed Motion to Withdraw and Motion for Clarification of Court Order," arguing that

> [f]undamentally, conflicts involve lawyers' duty to undivided loyalty to each client. Such duty requires attorneys to be free from competing influences. Here, at a minimum, the current circumstances can cause a reasonable outsider to question whether, due to the needs of her civil client, [Attorney Drue] would harbor a vested business interest in placating the Prosecutor in this case.

---

[2] Although signed by the Superior Court judge on May 25, 2012, the Clerk of the Superior Court did not enter the order until May 29, 2012. *See* V.I.S.CT.R. 5(a)(9) ("A judgment or order is entered within the meaning of this Rule when it is entered in the docket in compliance with Superior Court Rule 49.").

(J.A. Supp. Vol. I 13.) On June 7, 2012, the court denied the renewed motion without a hearing or inquiry, and reaffirmed its original order, adding:

> [Attorney Drue] is simply calling Attorney George-Counts as a witness in an unrelated civil case, and such a factual situation is not in any way akin to representation of several clients. There is no conflict of interest that is caused by, nor should Attorney Drue's independent professional judgment be affected by, the fact that she is representing Rey in a criminal case, and calling Rey's prosecutor as a witness in an unrelated civil case.

(J.A. 4.)

Attorney Drue subsequently filed an interlocutory appeal with this Court. On June 13, 2012, the Superior Court granted a stay of the trial court proceedings pending the appeal. Ultimately, this Court held that the June 7, 2012 Order was not a final judgment under title 4, section 32 of the Virgin Islands Code, and also could not be appealed through the collateral order doctrine. *In re Drue*, S. Ct. Civ. No. 2012-0043, slip op. at 3 (V.I. June 15, 2012). Following guidance from the United States Supreme Court in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009), this Court found that the appeal failed to satisfy the third prong of the collateral order doctrine because Attorney Drue could refuse to comply with the trial court's order and, after being held in contempt, appeal the contempt sanction. *Id.*

Following this dismissal, the Superior Court scheduled a pretrial conference on June 18, 2012, where it orally ordered Attorney Drue to proceed with trial. However, Attorney Drue refused to do so — even though she had received the written order scheduling jury selection for that date — which prompted the court to impose a "summary civil contempt sanction" of $100 for every day that she did not comply. (J.A. Supp. Vol. II 31, 34-35.) On June 22, 2012, the Superior Court memorialized its oral ruling into writing, *nunc pro tunc* to June 18, 2012. Attorney Drue timely filed a notice of appeal and moved for expedited review and a stay pending appeal. This Court subsequently expedited the appeal and stayed further Superior Court proceedings, but did not stay the accrual of fines. *In re Drue*, S. Ct. Civ. No. 2012-0051, slip op. at 3 (V.I. July 27, 2012).

## II. JURISDICTION AND STANDARD OF REVIEW

██ Before reaching the merits of the legal questions at issue in this case, we must determine whether this Court has jurisdiction. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). When a nonparty attorney is held in contempt by the Superior Court, this Court has jurisdiction to hear an interlocutory appeal regardless of whether a final order has been issued in the underlying case. *In re Rogers*, 56 V.I. 325, 334 (V.I. 2012). Accordingly, we possess jurisdiction to review the June 18, 2012 and June 22, 2012 Orders imposing civil contempt sanctions, as well as the May 29, 2012 and June 7, 2012 Orders denying Attorney Drue's motions to withdraw as counsel. *See Simpson v. Golden Resorts, LLLP*, 56 V.I. 597, 603-04 (V.I. 2012) (holding Supreme Court may review otherwise non-appealable orders if they are inextricably intertwined with an appealable order).

██ We review the Superior Court's decision to hold an attorney in contempt only for abuse of discretion. *In re Rogers*, 56 V.I. at 334 (citing *In re Najawicz*, 52 V.I. 311, 328 (V.I. 2009)). Similarly, we review the Superior Court's denial of an attorney's motion to withdraw for abuse of discretion. *United States v. Cole*, 988 F.2d 681, 683 (7th Cir. 1993). Under this standard, we will uphold factual findings in the absence of clear error and review legal questions *de novo*. *In re Rogers*, 56 V.I. at 334 (citing *In re Solomon*, 465 F.3d 114, 117-18 (3d Cir. 2006)).

## III. DISCUSSION

Attorney Drue argues that the Superior Court abused its discretion in denying her motion to withdraw without holding an inquiry into the conflict. She contends that there is a conflict of interest because she needs to maintain an adversarial relationship with Attorney George-Counts in Rey's case, yet maintain a cordial, cooperative relationship with her in the civil case. Specifically, Attorney Drue argues that the applicable ethical rules required her to inform her clients of this situation once she became aware of it, and that she cannot continue to represent both clients if one of the clients declines to waive the conflict. Because Rey refused to waive the conflict, Attorney Drue believes the Sixth Amendment required the Superior Court to inquire further into the alleged conflict. We agree.

522

## A. The Superior Court abused its discretion in failing to inquire into the alleged conflict.

■ The Model Rules of Professional Conduct promulgated by the American Bar Association (ABA) govern the conduct of members of the Virgin Islands Bar Association.[3] Model Rule 1.7 states, in pertinent part, that

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

MODEL RULES OF PROF'L CONDUCT R. 1.7. Comment 8 to Rule 1.7 explains that "a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." MODEL RULES OF PROF'L CONDUCT R. 1.7 cmt. 8 (1983).

■ In addition, the Sixth Amendment[4] confers on Rey a right to unconflicted counsel, which the Superior Court would violate if an actual conflict exists and it does not allow Attorney Drue to withdraw. *See Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981) ("[w]here a constitutional right to counsel exists, our Sixth

---

[3] In her appellate brief, Attorney Drue repeatedly cites to the American Bar Association's Model Code of Professional Responsibility and the Canons of Professional Ethics. However, this Court — which possesses exclusive jurisdiction over regulation of the legal profession — has promulgated Supreme Court Rule 203, which "hereby adopts the ABA's Rules of Professional Conduct and Rules of Disciplinary Enforcement, superseding all of its other rules pertaining to disciplinary enforcement heretofore promulgated." V.I.S.CT.R. 203(a). Therefore, the issue of whether Attorney Drue's concurrent representation of Rey and her civil client constitutes a conflict of interest is unquestionably governed by Rule 1.7 of the Model Rules of Professional Conduct.

[4] The Sixth Amendment applies in the courts of the U.S. Virgin Islands to the same extent as it does in state and federal courts through section 3 of the Revised Organic Act of 1954, the organizing document of this Territory. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (2006), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2012) (preceding V.I. CODE ANN. tit. 1).

Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."). If there is an actual conflict and Rey is convicted at trial, we would be required to reverse the convictions. *Id.* at 272 n.18 ("[*Cuyler v.*] *Sullivan*[, 446 U.S. 335, 347, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)] *mandates* a reversal when the trial court has failed to make an inquiry even though it 'knows or reasonably should know that a particular conflict exists.' " (emphasis in original)).

 Thus, upon notification that an actual or potential conflict of interest exists, a trial court must "either . . . appoint separate counsel or . . . take adequate steps to ascertain whether the risk was too remote to warrant separate counsel." *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005) (en banc) (citing *Holloway v. Arkansas*, 435 U.S. 475, 484, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978)). To make this determination, the court should hold an "evidentiary hearing or factual inquiry" to determine the nature of the conflict — if any — as well as whether the client is aware of the conflict and has waived it. *Gov't of the V.I. v. Zepp*, 748 F.2d 125, 139 (3d Cir. 1984). If a conflict exists, this inquiry must also address whether the attorney can zealously represent the client despite the conflict. *Atley v. Ault*, 191 F.3d 865, 871 (8th Cir. 1999); *see also Holloway*, 435 U.S. at 490 (holding that the trial court's failure to determine the extent of the risk of conflict violated guarantee of assistance of counsel); *Zepp*, 748 F.2d at 139 (granting a new trial because the District Court of the Virgin Islands failed to inquire into a potential conflict *sua sponte* by explicitly questioning the defendant about the conflict). However, this factual inquiry is "necessarily case-specific," and may not be required if "all of the relevant facts have been disclosed to the court." *Atley*, 191 F.3d at 872.

 We hold that the Superior Court erred when it determined that there is "neither a potential nor an actual conflict . . . since [Attorney Drue] and the prosecutor will not enter into an attorney-client relationship," (J.A. 7), as a conflict — for purposes of both the Sixth Amendment and Rule 1.7 — can exist outside of the context of multiple representation. *See* Rule 1.7 ("A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer."); *Zepp*, 748 F.2d at 135 ("conflicting interests . . . arise out of personal interests of counsel that were inconsistent, diverse or otherwise discordant with those of his client." (internal quotation marks omitted)). According to

Attorney Drue, Attorney George-Counts is a "necessary material defense witness" in the civil case, requiring Attorney Drue to "maintain a cordial, cooperative relationship with [her]." (Appellant's Br. 6.) Attorney George-Counts's testimony, Attorney Drue alleges, could potentially provide a complete defense to her civil client and is essential to her case in that litigation. If this does create a conflict, it

> may induce the lawyer to pull [her] punches in defending [her] client lest the prosecutor's office be angered by an acquittal and retaliate against the lawyer. Such retaliation would be unethical; but still the defense lawyer may fear it, at least to the extent of tempering the zeal of [her] defense of [her] client somewhat.

*Thompkins v. Cohen*, 965 F.2d 330, 332 (7th Cir. 1992) (addressing a situation in which the prosecutor has outside influence over defense counsel).

Although the Superior Court discussed the conflict during the June 18, 2012 in-chambers hearing, it failed to conduct any factual inquiry as to the nature of any actual or potential conflict. Rather, the hearing centered only on whether Attorney Drue was prepared to proceed to trial and, once she indicated she was not, the court held her in contempt for her refusal to obey its previous order. The Superior Court made no factual findings, heard no evidence regarding the alleged conflict during this time, and failed to question Attorney Drue on the matter. Additionally, the Superior Court never considered whether Rey waived any potential conflict, even though Attorney Drue alleged in her motion to withdraw that Rey refused to do so.[5]

Citing *Atley*, the People argue that, because of the "fully prepared record" before it, the Superior Court possessed no obligation to hold an evidentiary hearing. (Appellee's Br. 12-13.) Despite holding that the Sixth Amendment does not require a hearing if "all of the relevant facts have been disclosed to the court," the *Atley* court found the trial court record

---

[5] Additionally, Rey filed a "Consent to Withdrawal of Trial Counsel Kerry E. Drue, Esq." with the Superior Court on June 18, 2012, after the in chambers hearing in which Attorney Drue was held in contempt. The document stated that Rey "formally, knowingly and voluntarily consent[s] to the withdrawal of Attorney Drue" because a "conflict of interest exists in this case between my attorney . . . and myself." (J.A. 8.) While we recognize that the Superior Court did not have the benefit of this document when it denied Attorney Drue's motions to withdraw as counsel and orally held her in contempt, the Superior Court had an opportunity to consider it before issuing its June 22, 2012 Order.

inadequate to address the potential conflict because the attorney raised it in only the "broadest strokes." 191 F.3d at 872. Although the attorney's motion placed the trial court on notice of the causes of any possible conflicts of interest, the appellate court held that ruling on the alleged conflict based on "such knowledge alone does not satisfy the requirements of *Holloway*." *Id.* at 871. Unless there was a disclosure of all relevant facts, the trial court was required to conduct an "actual inquiry into the factual basis" of the motion, and not merely "substitute its own opinions" on the attorney's ability to zealously defend his client. *Id.* Attorney Drue, like the attorney in *Atley*, raised the potential conflict in only the "broadest strokes," outlining the circumstances that led her to believe there was a conflict without addressing her ability to zealously represent Rey or oppose the prosecutor. Without more, the Superior Court was required to hold an inquiry into the factual basis of the motion to avoid "improperly assum[ing] answers to questions that were never asked." *Id.*

The People also cite *United States v. Voigt*, 89 F.3d 1050 (3d Cir. 1996), to argue that a hearing was not necessary because the record before the Superior Court was sufficient. In *Voigt*, the Third Circuit found that the record was sufficient to support the trial court's ruling on a conflict of interest without an evidentiary hearing. *Id.* at 1076. Formal findings of fact were not required, the court held, because the trial court had a "fairly substantial" record before it, including exhibits, communications, affidavits, transcripts, and reports detailing the nature and scope of the alleged conflict, which allowed the court to make a "reasoned and well-informed decision" without further inquiry. *Id.* In the present case, by contrast, the only supporting documentation submitted to the Superior Court was a one page affidavit from Attorney George-Counts, explaining her involvement in the civil case, which was included with Attorney Drue's renewed motion to withdraw. While the affidavit establishes in a limited way Attorney George-Counts's involvement in the prosecution underlying the civil case, it does not detail the extent of that involvement. Unlike *Voigt*, where the court found that the record, containing over one hundred pages of documents, was "more than sufficient" to support the trial court's ruling, the one page affidavit Attorney Drue attached to her motion was clearly insufficient for the Superior Court to rule on the alleged conflict of interest without further inquiry.

526

■ The Superior Court abused its discretion when it failed to inquire into the alleged conflict of interest. Since the Superior Court never held an evidentiary hearing, we lack a sufficient factual record to determine whether a conflict even exists, let alone whether it is sufficiently serious to require Attorney Drue to withdraw as Rey's counsel. Therefore, we remand the case to the Superior Court to hold the constitutionally mandated evidentiary and factual inquiry into the alleged conflict and develop the requisite factual record to support a legal holding on the conflict issue.

### B. Due to the Superior Court's abuse of discretion, we vacate the denial of the motion to withdraw and the contempt sanctions.

■ Having established that the Superior Court abused its discretion, we vacate its May 29, 2012 and June 7, 2012 Orders denying her motions to withdraw as counsel. With regard to the contempt sanctions, "[t]he general rule is that whether a contempt judgment survives the avoidance of an underlying order depends on the nature of the contempt decree. If the contempt is criminal it stands; if it is civil it falls." *Latrobe Steel Co. v. United Steelworkers of America, AFL-CIO*, 545 F.2d 1336, 1342 (3d Cir. 1976). The Superior Court characterized Attorney Drue's contempt as being civil. However, we must determine independently whether the Superior Court held Attorney Drue in civil or criminal contempt, for it is the underlying purpose of the sanction that controls. *Id.*; *see also In re Najawicz*, 52 V.I. at 325 (determining that the trial court's "Temporary Restraining Order" was, in fact, a preliminary injunction).

■ "The key distinction between civil and criminal contempt is the court's purpose underlying its exercise of the contempt power." *In re Rogers*, 56 V.I. at 335; *see also Latrobe*, 545 F.2d at 1343. "If the court seeks to coerce someone to do something or to compensate a party, the contempt is typically considered civil in nature. . . . On the other hand, if the court seeks to vindicate its own authority through punishment, it is considered criminal contempt." *In re Rogers*, 56 V.I. at 335 (citing *Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 139, 51 V.I. 1253 (3d Cir. 2009)).

■ The Superior Court fined Attorney Drue $100 per day for every day of noncompliance in an attempt to coerce her into following the court's order. The record contains no indication that the Superior Court sanctioned Attorney Drue to vindicate its authority, for she could purge

the contempt sanction by simply complying with the court's order to proceed to trial. Therefore the Superior Court correctly characterized the contempt as civil. *See Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994) (describing civil contempt as circumstances in which "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492, 55 L. Ed. 797 (1911) (internal quotation marks omitted)); *see also Byrd v. Reno*, 180 F.3d 298, 299-300, 302, 336 U.S. App. D.C. 363 (D.C. Cir. 1999) (holding that a $100 per day fine against an attorney for every day she failed to turn over evidence was civil contempt). Thus, since the Superior Court held Attorney Drue in civil contempt, and a civil contempt sanction cannot stand after an appellate court invalidates the underlying order, we reverse the June 18, 2012 and June 22, 2012 Orders holding Attorney Drue in civil contempt.

## IV. CONCLUSION

The Superior Court abused its discretion when it denied Attorney Drue's motion to withdraw as counsel without conducting a proper inquiry into the circumstances giving rise to the alleged conflict. Accordingly, we vacate the May 29, 2012 and June 7, 2012 Orders denying Attorney Drue's motions to withdraw, and consequently reverse the June 18, 2012 and June 22, 2012 Orders imposing civil contempt sanctions. On remand, we direct the Superior Court to conduct the appropriate evidentiary and factual inquiry into the alleged conflict of interest.