# UNITED CORPORATION, Appellant/Plaintiff
## v.
# WAHEED HAMED, Appellee/Defendant

S. Ct. Civil No. 2015-0021

Supreme Court of the Virgin Islands

January 12, 2016

298

NIZAR A. DEWOOD, ESQ., DeWood Law Firm, St. Croix, USVI, *Attorney for Appellant.*

CARL J. HARTMANN, III, ESQ., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 12, 2016)

CABRET, *Associate Justice.* United Corporation appeals from two Superior Court orders holding that its claims against Waheed Hamed were barred by the statute of limitations. Because there was a genuine issue of material fact regarding when the statute of limitations began to run in this case, we reverse and remand the case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

United filed a complaint against Hamed in the Superior Court of the Virgin Islands on March 5, 2013. In its complaint, United alleged that in 1992, while Hamed was the manager of its Plaza Extra grocery store on St. Thomas, he used United's inventory to secretly operate a competing business. United also alleged that in 1995, Hamed used $70,000 of United's funds for an unauthorized purpose through a cashier's check. United also claimed that it only learned of these acts in October 2011, when federal prosecutors returned financial records that were seized in 2001 as part of a tax-evasion prosecution against both United and Hamed. United's complaint sought damages against Hamed for breach of fiduciary duties, conversion, and breach of contract, and a full accounting of the funds allegedly misappropriated by Hamed.

In his answer, Hamed alleged that United's action was untimely because the statute of limitations had already expired. He then moved for judgment on the pleadings, asserting that because Hamed's alleged actions occurred in 1992 and 1995, the statute of limitations barred United's claims. In response, United argued that the statute of limitations did not prevent its action because, as alleged in the complaint, it was unaware of Hamed's actions until 2011.

The Superior Court granted Hamed's motion in part in a June 24, 2013 order, dismissing all of United's claims related to the $70,000 cashier's check and reasoning that United should have been aware of Hamed's alleged conduct in 2004 when federal prosecutors charged Hamed with using cashier's checks to conduct illegal money transfers. This charge, the Superior Court held, should have put United on notice as early as 2004 that Hamed "may have engaged in some wrongful activity regarding the use of cashier's checks to transfer money to unknown third parties." Based on this finding, the Superior Court held that the six-year statute of limitations expired in 2010, and dismissed United's claims related to the $70,000 cashier's check. Regarding United's claims that Hamed operated a secret competing business in 1992, the Superior Court held that "the commencement period may not be determine[d] as a matter of law and is rather a question of material fact." In its order granting the partial judgment on the pleadings, the Superior Court ordered United to file an amended complaint removing the claims related to the cashier's check, which United did on July 15, 2013.

After conducting discovery, Hamed filed a motion for summary judgment, arguing that the remaining claims should be dismissed because United had complete access to the financial records that would have revealed Hamed's actions by 2003 at the latest, and so United could not claim that it only discovered the competing business in 2011. United opposed summary judgment, asserting that the discovery rule should toll the statute of limitations and allow the claims to go forward. While the summary judgment motion was pending, Hamed also filed a motion to dismiss, asserting that United lacked standing to bring this action in the first place because it never had an ownership interest in Plaza Extra.

In a September 2, 2014 order, the Superior Court granted summary judgment and denied the motion to dismiss as moot, holding that there was no genuine issue of material fact regarding when the statute of limitations began to run because "no reasonable jury could find that

[Hamed's] 1992 tax returns were not among the documents available for review in 2003" during the criminal case. The Superior Court held that the statute of limitations began to run in 2003 because all the relevant documents were available to United for review in connection with the criminal case, and it should have discovered Hamed's alleged conduct "by exercising reasonable diligence."

■ United moved for reconsideration on September 29, 2014, but the Superior Court failed to rule on the motion within 120 days, triggering the time to appeal under this Court's rules on January 27, 2015. V.I.S.CT.R. 5(a)(4).[1] United filed a timely notice of appeal on February 24, 2015. Hamed then filed a motion to dismiss with this Court, again arguing that United lacked standing to bring this case. This Court denied that motion in a May 14, 2015 order.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). The Superior Court's September 2, 2014 order granting summary judgment to Hamed was a final order within the meaning of section 32(a), and therefore we have jurisdiction over this appeal. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014) (citing *Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 527 (V.I. 2013)). We also have jurisdiction over all non-final interlocutory orders entered by the Superior Court in this case, including the June 24, 2013 order granting a partial judgment on the pleadings. 4 V.I.C. § 32(c); *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 685-86 (V.I. 2015).

This remains so despite Hamed's argument — made in both his appellate brief and his motion to dismiss — that United lacks standing to

---

[1] Supreme Court Rule 5(a)(4) provides that if any party files a timely post-judgment motion, "the time for filing the notice of appeal for all parties is extended until 30 days after entry of an order" deciding that motion. But the Superior Court's failure to rule on the motion within 120 days "constitute[s] a denial of the motion for purposes of appeal." V.I.S.CT.R. 5(a)(4). Hamed states in its appellate brief that "United voluntarily elected to cause denial of its motion rather than wait for [the Superior Court] to rule" on its post-judgment motion. Hamed clearly misunderstands Rule 5(a)(4). United did not have a choice between filing this appeal or waiting for the Superior Court to rule on its motion. The 30-day period to file a notice of appeal began to run on January 27, 2015, and had United waited any longer to file this appeal, it would have been untimely.

bring this action because it allegedly conceded in another action that it never had an ownership interest in Plaza Extra. Hamed's argument appears to be that since United never had an interest in the store, the Superior Court lacks subject-matter jurisdiction to hear United's action to recover for Hamed's alleged misconduct while managing the store.

■ In federal constitutional law, a plaintiff must have standing to invoke a federal court's subject-matter jurisdiction — requiring the plaintiff to "demonstrate (i) an actual or threatened injury that was (ii) caused by the defendant's actions and is (iii) capable of judicial redress." *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 124 (V.I. 2009) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)). This standing requirement is rooted in the Case or Controversy Clause of Article III of the United States Constitution. *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2663, 192 L. Ed. 2d 704 (2015); U.S. CONST. art. III, § 2, cl. 1.

. Although Hamed cites no authority in his appellate brief for the standing argument, his motion to dismiss relies on *Arlington Funding*. There, we held that "Article III's requirement that a litigant have standing to invoke a court's authority has been incorporated into Virgin Islands jurisprudence," 51 V.I. at 124, and "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Id.* at 125 n.4.

■ But — as we stated in denying the motion to dismiss — this Court explicitly "overrule[d] any language in our older opinions indicating that standing is jurisdictional," thus abrogating *Arlington Funding*'s standing discussion. *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (V.I. 2012). We have reaffirmed this abrogation numerous times since, stating most recently that "standing is at best a non-jurisdictional claims-processing rule in Virgin Islands courts, since Article III of the United States Constitution does not apply to local courts and no provision of Virgin Islands law includes a case-or-controversy requirement." *Hodge*, 62 V.I. at 687 n.8 (citing *Malloy v. Reyes*, 61 V.I. 163, 171 n.4 (V.I. 2014)); *see also Bryan v. Fawkes*, 61 V.I. 201, 222 (V.I. 2014); *In re Q.G.*, 60 V.I. 654, 659 n.5 (V.I. 2014); *Tip Top Constr. Corp. v. Gov't of the V.I.*, 60 V.I. 724, 730 n.2 (V.I. 2014); *V.I. Narcotics Strike Force v. Pub. Emps. Relations Bd.*, 60 V.I. 204, 213 (V.I. 2013).

However, Hamed cites none of this controlling authority in making his standing argument, despite being required to do so under this Court's rules. V.I.S.Cτ.R. 15(b) ("[I]n accordance with ethical standards, any attorney who . . . does not present otherwise controlling contrary law, will be subject to such sanctions as the Court deems appropriate."); *Hamed v. Hamed*, 63 V.I. 529, 541 n.7 (V.I. 2015); *Percival v. People*, 62 V.I. 477, 491 (V.I. 2015). And despite the fact that we denied the motion to dismiss on the ground that standing is not a jurisdictional doctrine in the Virgin Islands, Hamed reasserted his standing argument at oral arguments before this Court.

█ We therefore take this opportunity to reaffirm that "standing" — as that concept is understood in federal constitutional law — does not exist in any form in Virgin Islands courts. Although this Court has discussed issues of "standing" in recent cases, those discussions took place in the context of statutes granting rights to particular individuals in various contexts. *See, e.g., Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 547 (V.I. 2015) (holding that an employment-discrimination statute conferred "standing" on an employee to bring a private cause of action); *Hansen v. O'Reilly*, 62 V.I. 494, 511 (V.I. 2015) (holding that a write-in candidate had "standing" to seek a recount under the election statutes); *Haynes v. Ottley*, 61 V.I. 547, 556 n.4 (V.I. 2014); *Mapp v. Fawkes*, 61 V.I. 521, 534 n.11 (V.I. 2014); *Bryan v. Fawkes*, 61 V.I. 201, 222-23 n.12 (V.I. 2014); *V.I. Narcotics Strike Force*, 60 V.I. at 212. Thus, these standing discussions did not involve the Superior Court's subject-matter jurisdiction, but instead went to whether the party bringing suit had a right to the relief it was seeking. This, of course, goes to the merits of the cause of action — not the Superior Court's authority to hear the case in the first place. *Hamed*, 63 V.I. at 533 n.2.

██ Similarly, Hamed's "standing" argument in this case is more appropriately characterized as a challenge to the merits of United's lawsuit. His argument is essentially that United cannot bring this action because of its concession in another case that it never had an ownership interest in Plaza Extra, and so it cannot recover for Hamed's alleged actions injuring Plaza Extra. As such, this issue has no bearing on the jurisdiction of the Superior Court, or of this Court. And since the Superior Court never addressed this argument in ruling on summary judgment, we decline to do so in the first instance on appeal. *Rennie*, 62 V.I. at 541 ("Ordinarily, when the Superior Court enters judgment on one basis, but

304

fails to consider alternate arguments that were raised by the parties, this Court will decline to address those alternate issues in the first instance."); *Pedro v. Ranger Am. of the V.I., Inc.*, 63 V.I. 511, 521 n.6 (V.I. 2015) ("[T]his Court is one of review, not first instance.").

## III. DISCUSSION

On appeal, United urges us to reverse the Superior Court's orders granting Hamed judgment on the pleadings and summary judgment because United's statute-of-limitations defense was an issue of fact that must be decided by a jury. We agree.

### A. Hamed's Motion for Judgment on the Pleadings

██ United first argues that the Superior Court erred in granting judgment on the pleadings with regard to the cashier's check because United only discovered Hamed's conduct in October 2011, as alleged in the complaint. We review the Superior Court's grant of judgment on the pleadings *de novo*, applying the same standard the Superior Court should have used. *Benjamin*, 56 V.I. at 565-66. In doing so, this Court "views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff," and "[a] motion for judgment on the pleadings should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Id.* at 566 (citation and internal quotation marks omitted). Like the Superior Court, we may not "consider[ ] evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings." *Id.*

In Hamed's motion for judgment on the pleadings, he asserted only that United's claims were barred by the statute of limitations. While Hamed is correct that United's claims are subject to a six-year statute of limitations under 5 V.I.C. § 31(3), United argued in its opposition to Hamed's motion that the statute of limitations was tolled because — as alleged in the complaint — United did not discover Hamed's conduct until 2011. United's opposition further argued that it also had no reason to suspect that Hamed had engaged in any misconduct before that time.

██ "The discovery rule tolls the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately

evident to the victim." *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012). "Under the discovery rule, the focus is not on the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff." *Id.* (internal quotation marks and alterations omitted). Because the application of the discovery rule rests on when a party knew or should have known of its injury, it is typically a question of fact. *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 590 (V.I. 2012) (a party's "knowledge" is a question of fact); *In re Estate of Small*, 57 V.I. 416, 430 (V.I. 2012) ("actual notice" or "actual knowledge" are questions of fact). Because "the statute of limitations is an affirmative defense" involving issues of fact, *Rennie*, 62 V.I. at 536, it typically cannot be decided on the pleadings alone. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("[I]f the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings."); *but see Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 731 (7th Cir. 1999) ("[I]n some cases a complaint so clearly reveals the existence of [a] defense that judgment on the pleadings is possible.").

██ ██ In this case, the Superior Court held that because United referenced the federal prosecution for tax evasion in its complaint, the court could take judicial notice of documents filed in that case and consider them in ruling on Hamed's motion. But as this Court made clear in *Benjamin*, the Superior Court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings [when deciding] whether it [is] proper to grant a motion for judgment on the pleadings." 56 V.I. at 566. The documents the Superior Court considered in ruling on the motion were not attached to the pleadings, and so by considering this evidence to grant Hamed's motion, the Superior Court in effect granted Hamed summary judgment, and not judgment on the pleadings. *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 312 (V.I. 2014) ("[T]he substance and function of a Superior Court order controls over the form.") (citing *In re Drue*, 57 V.I. 517, 527-28 (V.I. 2012)); *cf. Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) (holding that a trial court entered judgment on the pleadings where "the decision [did] not depend on any document outside the pleadings").

██ While the Superior Court does have the discretion to consider evidence outside of the pleadings in ruling on a motion for judgment on

the pleadings — and necessarily convert it to a motion for summary judgment, *see Brady v. Cintron*, 55 V.I. 802, 825 n.29 (V.I. 2011) — it committed error by doing so in this case without first notifying the parties and providing United an opportunity to respond. *United Corp. v. Tutu Park, Ltd.*, 55 V.I. 702, 711 (V.I. 2011) ("[T]he Superior Court erred in reaching [an] issue *sua sponte* . . . without — at an absolute minimum — providing [the opposing party] with an opportunity to be heard with respect to any grounds for summary judgment being raised by the Superior Court *sua sponte*."); *In re Reynolds*, 60 V.I. 330, 336 (V.I. 2013) (noting that while the Superior Court may take procedural actions *sua sponte*, it must first provide notice and a chance to respond before entering a dispositive order) (citing *Brunn v. Dowdye*, 59 V.I. 899, 905 (V.I. 2013)).

Nevertheless, we may still affirm the Superior Court's order granting summary judgment if its error in converting the motion without notice was ultimately harmless. *Machado*, 61 V.I. at 392 (conducting harmless-error review where the Superior Court committed legal error in granting summary judgment) (citing V.I.S.Cт.R. 4(i)); *Brunn*, 59 V.I. at 905 ("[T]he denial of the right to be heard in a civil case is subject to harmless error review."). But the error was not harmless here. Since the application of the discovery rule depends on the facts of the case, at summary judgment United had the burden of submitting evidence that would create genuine issues of material fact regarding when it discovered the conversion and whether it should have discovered the conversion earlier if it had exercised reasonable diligence. *Machado*, 61 V.I. at 379-80 (setting out the nonmoving party's burden at summary judgment); *Santiago*, 57 V.I. at 273 ("To demonstrate reasonable diligence, a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence, and judgment which society requires of its members for the protection of their own interests and the interests of others."). Yet because the Superior Court converted the proceedings without notice, United never had this opportunity, and so the error was not harmless. Accordingly, we reverse the Superior Court's June 24, 2013 order dismissing United's claims related to the $70,000 cashier's check.

## B. Hamed's Motion for Summary Judgment

United next argues that the Superior Court erred in granting summary judgment to Hamed on the claims related to Hamed's competing business.

United asserts that even if it had access to the records that would have revealed Hamed's wrongdoing, it had "no reasonable suspicion that would trigger a duty to look for and examine documents that might show wrongdoing by Hamed."

Hamed moved for judgment on the pleadings with regard to these claims as well, but the Superior Court denied that portion of the motion, holding that the motion was "premature" because the question of whether the discovery rule applied was an issue of fact. After conducting discovery, Hamed moved for summary judgment on these claims, asserting that it was undisputed that United had "full, unfettered access" to the 1992 tax returns revealing Hamed's competing business during the federal prosecution and should have discovered any wrongdoing by 2004 at the latest. In support of this motion, Hamed submitted two affidavits from federal law enforcement agents stating that United's counsel in the federal prosecution had full access to all the financial records seized by federal authorities in that case.

United opposed summary judgment, arguing that the motion should be denied or the ruling deferred because United was still awaiting Hamed's responses to its discovery requests and the release of documents related to the federal prosecution that were necessary for United to respond to Hamed's motion. Along with its opposition, United submitted an affidavit from Fathi Yusuf, United's treasurer and secretary, stating that he received thousands of documents from federal authorities in October 2011, including Hamed's tax returns showing that he operated a previously unknown competing business. Yusuf also stated that he never had access to any of the documents in the possession of authorities during the federal prosecution, nor did any member of "the joint defense team" produce these documents for United. Finally, Yusuf indicated that the remaining documents held by federal prosecutors would not be released until United was sentenced, but sentencing was delayed "due to [Hamed's] tax obligations."

After Hamed filed his response to United's opposition, the Superior Court ordered United to supplement its opposition "with proof by affidavit from the United States Attorney's Office that it no longer has access to review documents held by the federal government." United did not respond to this order, and the Superior Court entered summary judgment in Hamed's favor on September 2, 2014. In granting summary judgment, the Superior Court held that because United failed to file the

affidavit as directed — or to respond at all to the order — it would rule on the merits of Hamed's summary judgment motion. In doing so, the Superior Court held that there was "no genuine issue of material fact . . . because, even construing the facts in a light most favorable to [United], no reasonable jury could find that [Hamed's] 1992 tax returns were not among the documents available for review in 2003" in the federal prosecution. The Superior Court then held that United "should have discovered [Hamed's] alleged conduct by at least 2003 by exercising reasonable diligence."

We apply plenary review to the Superior Court's grant of summary judgment. *Machado*, 61 V.I. at 379. "In conducting this review, we apply the same test as the Superior Court and view all inferences from the evidence in the light most favorable to . . . the nonmoving party, and take [its] allegations as true if properly supported." *Id.* We may not weigh the evidence or determine the credibility of witnesses, and instead view all inferences from the evidence in the light most favorable to United as the nonmoving party, construing any conflicting allegations in United's favor if properly supported. *Id.* "Summary judgment is a drastic remedy, and should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact" that must be decided by a jury. *Id.* at 379-80 (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)) (alteration omitted).

United argues on appeal that even if the Superior Court correctly determined that United had access to Hamed's 1992 tax returns as part of the discovery in the federal prosecution, that was not sufficient for the Superior Court to hold at summary judgment that the statute of limitations had run in this case because Hamed submitted no evidence that United had any reason to know of or suspect Hamed's wrongdoing during the federal prosecution.

"[T]he party moving for summary judgment possesses the initial burden of identifying evidence indicating that there is an absence of any issue of material fact." *Martin v. Martin*, 54 V.I. 379, 391 (V.I. 2010) (quoting *Pickard-Samuel v. Gov't of the V.I.*, S. Ct. Civ. No. 2008-0031, 2010 V.I. Supreme LEXIS 19, at *7 (V.I. June 4, 2010) (unpublished)) (internal quotation marks omitted); *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 169 (V.I. 2012). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce

anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Martin*, 54 V.I. at 391 (quoting *Pickard-Samuel*, 2010 V.I. Supreme LEXIS 19, at *7) (internal quotation marks and alteration omitted).

 Here, Hamed moved for summary judgment with affidavits stating that United's attorneys had access to all of the financial documents in the prosecution's possession. But the simple fact that United had access to the documents that would have revealed Hamed's alleged wrongdoing did not establish the absence of a genuine issue of material fact regarding when United should have discovered Hamed's actions. Because "[t]he discovery rule tolls the statute of limitations when . . . the injury [itself] *or* its cause is not immediately evident to the victim," *Santiago*, 57 V.I. at 273 (emphasis added), "more than bare access to necessary information is required to start the statute of limitations running. There must also be a suspicious circumstance to trigger a duty to exploit the access." *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1335 (7th Cir. 1997).

 In its complaint, United alleged that "none of the officers of [United] had any actual or constructive knowledge of [Hamed's] conduct, financial affairs, or tax returns" regarding the competing business before federal prosecutors released Hamed's tax returns to United in October 2011. Hamed asserted in his motion for summary judgment — with the support of two affidavits — that because United had full access to the documents seized by federal prosecutors, which included Hamed's tax returns, as early as 2003, the six-year statute of limitations expired long before United filed its complaint in this case. But Hamed presented no evidence that United had, or should have had, knowledge that it suffered any injury at all, let alone that Hamed caused an injury, that would have "trigger[ed] a duty to exploit the access" United gained to Hamed's financial records during the federal prosecution in 2003. Due to this failure, Hamed did not meet his initial burden at summary judgment, and so United "ha[d] no obligation to produce anything." *Martin*, 54 V.I. at 391. As such, the Superior Court erred in granting summary judgment to Hamed and we also reverse the Superior Court's September 2, 2014 order.

 We further note that because proof that United had mere access to these documents was not enough to prevent the statute of limitations from being tolled, the Superior Court erred in ordering United to submit "proof by affidavit from the United States Attorney's Office that it no longer has access to review documents held by the federal government." While there

is no excuse for simply ignoring a Superior Court order — an error United admitted during oral arguments before this Court — even if access to these documents had been relevant to the summary judgment analysis, the nonmoving party cannot be required to definitively prove its case at summary judgment, or to even provide the most convincing evidence supporting its case. Its only burden is to submit sufficient evidence to create a genuine issue of material fact for a jury to resolve. *Machado*, 61 V.I. at 379.

## IV. CONCLUSION

The Superior Court erred in converting Hamed's motion for judgment on the pleadings to a motion for summary judgment without first giving United notice and a chance to respond. The Superior Court also erred in later granting summary judgment to Hamed on the remaining claims of United's complaint because Hamed failed to meet his initial burden at summary judgment regarding United's claim that it was unaware of Hamed's conduct until 2011. We therefore reverse the Superior Court's June 24, 2013 order and its September 2, 2014 order, and remand for further proceedings.